## F. BEYLE v. C. A. REID.

1. PAROL CONTRACT, *Action Upon and Evidence Under.* The plaintiff and defendant entered into a parol contract, whereby the plaintiff was to furnish the money and the defendant to conduct a certain business for the plaintiff in the defendant's name. In an action by the plaintiff against the defendant upon such contract, the plaintiff may show, by his own parol testimony, what the arrangement was between the plaintiff and the defendant with regard to the money, and is not required to show the same by some other kind of evidence.

2. ———— *Competent Parol Testimony.* And in such a case the plaintiff may show, by his own parol testimony, how much money was paid out for the first purchase of goods for such business, and is not required to prove the same by the books kept by the defendant in such business.

3. ———— A book kept by the defendant in such business may be introduced in evidence against him, whatever the book may be called, and although it may in fact be a "mere blotter."

8 —31 KAS.

4. PLEADING; *Competent Evidence.* Where the plaintiff and defendant entered into a written contract, whereby the plaintiff employed the defendant to serve the plaintiff as a clerk in the store or stores of the plaintiff for the term of one year; and the defendant, in his answer, sets up a cause of action against the plaintiff, alleging that the plaintiff wrongfully discharged the defendant before the year expired, without paying the defendant the amount claimed to be due, for the unexpired term, and asking judgment, among other things, for that amount; and the plaintiff files a general denial to the defendant's answer: *Held,* That the plaintiff on the trial may show that the discharge was not wrongful, by showing that it was justifiable.

*Error from Labette District Court.*

THE opinion states the case. At the April Term, 1883, judgment for defendant *Reid* and against plaintiff *Beyle,* who brings it here.

*Perkins, Morrison & Bowman,* and *Jess. Brockway,* for plaintiff in error.

*Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On September 8, 1882, F. Beyle commenced this action in the district court of Labette county against C. A. Reid, alleging in his petition, among other things, the following: About November 1, 1881, Beyle employed Reid to work for him in purchasing a stock of furniture, and in conducting and carrying on a mercantile furniture business in the city of Oswego, Labette county, Kansas, for one year beginning November 15, 1881, and ending November 15, 1882. The business, though belonging wholly and exclusively to Beyle, and Reid being merely a clerk or agent of Beyle, was, nevertheless, to be carried on in the name of Reid, and Reid was to keep accurate books of account relating to the business. The business was in fact carried on by Reid, as agreed by the parties, up to about August 20, 1882, (in fact August 12, 1882,) and Reid "did keep books of account and do all things necessary in and about the carrying on of such business in his own name;" and he did "sell large amounts

of goods from such stock, of the value of the sum of $2,000, and did receive that amount therefor in cash; that in addition thereto said defendant has during said time sold large amounts of goods from said stock upon a credit, and has taken promissory notes therefor, payable to himself or order, and in others charged the same in his books of accounts;" and he, Reid, refused to account to the plaintiff or deliver to the plaintiff the proceeds of such sales, or to turn over to the plaintiff the books, papers, etc., belonging to the business; and the plaintiff prayed for a judgment for the sum of $2,000 and interest, and that Reid should be ordered to deliver to him the books, notes, accounts, etc., belonging to the business, and for costs.

The defendant answered, admitting the employment, and alleging, among other things, that he had properly performed all things on his part which he was required to perform; that the plaintiff was to pay him a salary of $1,000 for the year's employment; that he had expended large sums of money of his own in carrying on said business; that he and the plaintiff had a settlement on July 1, 1882, with respect to all these matters; that the plaintiff wrongfully discharged the defendant from his employment on August 20, 1882; and that the defendant has been unable to procure employment since; and prayed, among other things, for an accounting, and that he should have judgment against the plaintiff for any balance found due him, and for costs. The plaintiff replied to this answer by filing a general denial.

The case was referred to a single referee, who tried the case and made special findings of fact and law, upon which findings the court rendered judgment in favor of the defendant and against the plaintiff for the sum of $291.66 and costs, and ordered that all books, notes, accounts, etc., belonging to the business, (and which were then in the hands of a receiver,) be delivered to the plaintiff. The plaintiff, not being satisfied with this judgment, brings the case to this court and asks for a reversal thereof.

Before proceeding to the consideration of the question raised by counsel, it would perhaps be well to state some additional

facts. The contract relating to the employment of the defendant by the plaintiff was in writing; but all the arrangements made between the plaintiff and the defendant with reference to the defendant's conducting the furniture business for the plaintiff rested merely in parol. In other words, the plaintiff's cause of action for the defendant's mismanagement of the furniture business and his refusal to account, etc., as set forth in the plaintiff's petition, was a cause of action founded solely upon a parol contract, while the defendant's cause of action for the wrongful discharge of the defendant and the plaintiff's refusal to pay the full amount of the defendant's salary, as set forth in the defendant's answer, was founded upon a written contract. The written contract reads as follows:

"C. A. Reid agrees to serve F. Beyle as a clerk in the store or stores of F. Beyle, in the town of Oswego, Kansas, for the period of one year, commencing on the 15th day of November, 1881, and ending on the 15th day of November, 1882, and during said time diligently and faithfully to apply himself and to perform the duties of clerk, to look after and seek the interest of the said F. Beyle.

"And F. Beyle agrees to pay the said C. A. Reid the sum of one thousand dollars ($1,000) per year, in monthly payments.

"This contract expires if F. Beyle should sell out before twelve months.

"Done at Carthage and Oswego, this 9th day of November, 1881.                                    C. A. REID.    (Seal.)
                                                 F. BEYLE.    (Seal.)
"Witness: H. G. MILLER."

On the trial the plaintiff was a witness in his own behalf, and the record shows that his counsel asked him the following questions. That the following objections were made thereto; and that the referee sustained each of the objections. The said questions, objections and rulings are as follows:

1. "Q. What, if anything, was the arrangement with Reid as to money?—Objected to by defendant as incompetent and not the best evidence; sustained, and plaintiff excepts.

2. "Q. How much money did he [Reid] pay out for the

first purchase?—Objected to by defendant, because the books are the best evidence; sustained, and excepted to by plaintiff."

I. We think the referee erred with reference to both these questions. No objection was raised with regard to the form of the questions; but the objections were merely that the evidence to be elicited by the first question was "incompetent and not the best evidence;" and the evidence to be elicited by the second question was not competent because "the books are the best evidence." Now it was certainly proper for the plaintiff to prove the entire arrangement between himself and the defendant with respect to the furniture business which the defendant was to carry on for the plaintiff in the defendant's name; and, as the entire arrangement rested in parol, it could be proved only by parol evidence. We think the evidence was competent, and that no better evidence could have been produced.

II. As to the second question, we would think the books were not the best evidence, although they may have been competent evidence. The fact of paying the purchase-money for the first purchase of goods must have existed before any record of the same could have been made on the books; and direct evidence of such payment by a person who saw the same would be original evidence, and not secondary evidence. Entries made in books, whether true or false, could not be better evidence of the amount of the money paid than the evidence of the person who had actual knowledge of the payment. It is not necessary to decide in this case whether the refusal to permit this evidence to be introduced was a material error, or not.

III. The record also shows that the defendant turned over the books belonging to the furniture business to a receiver, and that all these books, including a book called the "invoice-book," were introduced in evidence by the plaintiff. The plaintiff, while testifying as a witness, stated among other things that some of the original invoices were written with an indelible pencil, and that they appeared to have been re-

placed in this invoice-book by invoices written with ink. The record then shows as follows:

"Defendant moves the court to strike out the invoice-book from the evidence, because plaintiff proves it not the genuine original invoice-book. Motion sustained; plaintiff excepts."

This ruling of the referee we think was also erroneous, for whether the book was the genuine original invoice-book, or not, it was a book that the defendant had previously turned over to the receiver as an invoice-book, or at least as one of the books belonging to the furniture business; and even if it was a "mere blotter," as counsel for the defendant in this court calls it, still it would be competent evidence against the defendant who kept it, and who admitted that it was one of the books pertaining to the furniture business.

IV. The record further shows as follows:

"Plaintiff offered to justify his discharge of the defendant by evidence, which was objected to on the ground that the same was inconsistent with the allegations of the petition and not permitted under the reply of the plaintiff.

"This objection was sustained. Plaintiff excepts. Thereupon plaintiff asks leave to amend his reply, which motion was overruled by the referee, on the ground that it was not within his power to permit an amendment; which ruling of the referee plaintiff duly excepted to and excepts."

We think the referee erred in refusing to permit the plaintiff to justify his discharge of the defendant. The defendant, for a cause of action against the plaintiff, alleged in his answer, among other things, that the plaintiff *wrongfully discharged* him (the defendant) on August 20, 1882, about three months prior to the expiration of his term of service. The plaintiff in his reply denied this; that is, he denied that he *wrongfully discharged* the defendant, and he certainly had the right to prove that the discharge was not wrongful, by proving that the discharge was justifiable. It devolved upon the defendant to prove that the discharge was wrongful, and the plaintiff had a right to rebut this proof by showing that the discharge was rightful; but the referee refused to permit the

plaintiff to show this, and afterward made findings that the plaintiff did wrongfully discharge the defendant, and judgment was rendered in favor of the defendant and against the plaintiff for that portion of the defendant's salary claimed to be due for that period of time elapsing from August 20, 1882, up to the end of the contract year, which expired November 15, 1882, notwithstanding the fact that the defendant was not in the employ of the plaintiff during that period of time. We think the ruling of the referee upon this question was materially erroneous. The written contract by which the plaintiff hired the defendant to enter into his employment for the term of one year, which is the contract upon which the defendant founds his cause of action for the wrongful discharge, has no necessary connection with the operation of the furniture business which was operated by the defendant for the plaintiff in the defendant's name. By this written contract, as will be seen by an inspection of it, the defendant was hired simply to serve the plaintiff as a clerk in the store or stores of the plaintiff for the period of one year, commencing on November 15, 1881, and ending on November 15, 1882. Now the plaintiff had two furniture stores which he operated in the city of Oswego; one he operated in his own name, and the other he operated in the name of the defendant; and he may have had still other stores in that place ; and all that the defendant had a right to ask of the plaintiff under his said written contract was employment as a clerk in one of these stores. When the plaintiff closed up the store which the defendant operated in his own name, the plaintiff might rightfully have put the defendant into the other store as a clerk. Possibly, however, the defendant objected to this; and possibly that was the reason why the defendant was discharged. However, whatever may have been the reason for the discharge, the plaintiff had a right to show that it was not wrongful; and the refusal on the part of the referee to permit it to be done, we think was a material error.

V. There are several other questions presented for consideration in this case; but with the view that we have taken of

the questions already considered, we do not think that it is necessary to enter into any discussion with regard to them.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.