Morawetz, Respondent, vs. McGovern, Appellant.

*February 5 — March 1, 1887.*

*(1, 2) Instructions to jury: Immaterial error: Measure of damages. (3) Evidence: Collateral inquiries. (4) Interest: When demand becomes liquidated.*

1. The instructions in this case (stated in the opinion) are *held* to have fairly submitted to the jury the question whether the ice-box for the contract price of which the action was brought was so constructed that with proper use it would answer the purposes of its construction.
2. An error in an instruction as to the measure of damages becomes immaterial if the jury entirely disallow the claim for such damages.
3. The question being whether the ice-box for the price of which the action was brought was properly constructed to fulfil its purposes, and the plaintiff having testified that, as on all other ice-boxes, his work was done in a good, substantial, and workmanlike man-

Morawetz vs. McGovern.

ner, but there being no evidence of any other similarity in the boxes, it was not competent for the defendant to ask if the plaintiff ever got or asked for his pay for one of the other boxes, or to show how one of the other boxes "turned out."

4. An unliquidated account becomes liquidated by the presentation of a bill therefor and a promise of payment at a certain time, and after that time the debt bears interest.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

This action was brought in justice's court. The complaint declared upon an account in writing, which charged the defendant with the contract price of an ice-box, $90, and $48.41 for extra work thereon and interest. The answer alleged damages for failure to build the ice-box according to contract. October 23, 1885, and upon trial had, the plaintiff recovered judgment for $141.63 damages, and $26.32 costs. On appeal therefrom to the county court, the defendant amended his answer to the effect that it denied what was not admitted; admitted the performance of the extra work, but denied any knowledge or information as to its value; alleged a specific contract to build the ice-box so it should be fit for the purpose of keeping large quantities of meat in the summer without decomposition; that the box was defectively built, and unfit for the purpose; that the defendant tendered it back, which was refused; and claimed $300 damages by way of counterclaim. The plaintiff replied to the counterclaim. Upon a trial being had upon such issues, the jury returned a verdict in favor of the plaintiff for $146.89. From the judgment entered thereon the defendant appeals.

*Henry L. Buxton,* for the appellant, contended, *inter alia,* that as the case was tried below partly upon the theory that the sweating of the box was caused by the ventilator leading out from the top, and as the plaintiff's testimony tended to show that the cold air from the box would be

pushed out of the ventilator, while the defendant's testimony tended to show that the warm outside air would come into the box through the ventilator, thus causing condensation and mould, the jury had a right to suppose from the judge's charge that they were charged that the air from the box would " always displace warm air" and go up through the ventilator. The charge was therefore clearly misleading, to the injury of the defendant.

For the respondent there was a brief by *Austin, Runkel & Austin,* and oral argument by *Mr. R. N. Austin.* To the point that a judgment will not be reversed for an error which adds but a trifling amount thereto, they cited *Tucker v. Cole,* 54 Wis. 539; *Hass v. Prescott,* 38 id. 146; *Holzhauer v. Milwaukee,* 41 id. 638.

CASSODAY, J.   1. It is claimed that the undisputed evidence shows that the plaintiff was to construct an ice-box that would be dry on the inside in use, but that this was not.   There was evidence tending to show that it was dry when first constructed and in the possession and use of the defendant, and then had no holes in the zinc, but that a week or two subsequently it was examined, and found to leak and have holes in the zinc, apparently made with a sharp instrument like a knife, and others just as though they had been punched through with a punch or scratch, or something like that.   There being evidence to sustain the verdict, it is unavailing to argue that the preponderance of the evidence is against it.

2. Error is assigned because the court charged the jury that, " so far as the philosophy of the different elements is concerned, it is not necessary that I should charge you that cold air always displaces warm air.   We all know that, and it does not require me to charge you, as a question of law, that that is the fact."   In the same connection the court charged the jury that " the question is whether these two

elements have been brought into such a relation or subjection to each other as that the box constructed by the plaintiff for the defendant was sufficiently supplied with cold air, which was produced from the ice in the top of the box, and to obtain the result which was desired on the part of the plaintiff and which the defendant expected; and those are the propositions you must solve from the testimony in this case,— whether this ice-box was so constructed as that it would answer the purpose for which it was constructed by a proper use of it in the business in which the defendant was engaged." This fairly submitted the question of fact at issue to the jury. We perceive no reason why they should be misled by it.

3. Error is assigned because the court charged the jury that "if you find the box was defective, if, after discovering that defect, the defendant, within a reasonable time, tendered the box back to the plaintiff, and the plaintiff refused to receive it, then the defendant would be entitled to recover the damages that he sustained in consequence of plaintiff's non-conformance with the contract, *and those damages would be the price paid.*" Had the jury allowed the defendant anything by way of recoupment or counterclaim, the question here sought to be raised might have been pertinent. But, as the jury entirely disallowed any and all claim of the defendant for damages on his counterclaim, it is obvious that the jury were not misled nor the defendant prejudiced by this charge limiting the amount of such damages.

4. The plaintiff testified on direct examination, in effect, that the work on this ice-box was done in a good, substantial, and workmanlike manner,— the same as he did on all others; and on cross-examination that he had made a box for Dykens. He was then asked "if he ever got his pay, or asked for it." This question was properly excluded. It was entirely collateral to the issue on trial.

5. One of the defendant's witnesses, on his direct examination, and after having testified about the ice-box in question, stated that the plaintiff made an ice-box for him. He was then asked: "How did that turn out?" The exclusion of this question was proper for the same reason as the other. Besides, there was no evidence of any similarity in such boxes, except that the work was done in a good, substantial, and workmanlike manner on all. This might all be true, and still the two boxes be constructed upon entirely different theories.

6. Error is assigned because the verdict includes interest on the plaintiff's claim from the time of doing the work, which was in the latter part of May, 1885; and the charge authorized the inclusion of such interest in case the jury found for the plaintiff on all the issues. The precise point made is that the claim for extra work was for unliquidated damages, upon which no interest could be allowed. But there is evidence on the part of the plaintiff tending to show that, about the time of the completion of the work, he figured the lumber and the work, and that the defendant expressed himself satisfied with the lumber and the ice-box; that June 4, 1885, the plaintiff made out the bill upon which the suit was brought, and gave the defendant a copy of it, and the latter promised to pay it the next Saturday, June 6, 1885. If this was so, the plaintiff was entitled to interest from that time. This is substantially what was allowed.

*By the Court.*— The judgment of the county court is affirmed.