THOMAS H. THORP, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Appellee.

1. Telegraph Companies: FAILURE TO DELIVER MESSAGES: DILIGENCE.  Where, in an action for damages for the nondelivery of a telegram, the plaintiff testified that, upon changing his place of residence to another town, he requested the proper employe of the postoffice to send his mail thereafter to the town of D., and that a postal card shown to have been mailed at his former home, advising him of the receipt of the telegram in question, had not been received. *Held,* that such postal card was admissible in evidence on behalf of the defendant to show the effort made to deliver the telegram.

2. ———: ———: ———.  It being claimed by the plaintiff that when he changed his residence he notified the telegraph company, and that the latter agreed to forward any telegram that might be received for him to the town of D., *held,* that such agreement was binding upon the company only as to telegrams received within a reasonable time thereafter, and that it was properly left to the jury to determine whether twenty-six days was a reasonable time.

*Appeal from Polk District Court.*—HON. MARCUS
KAVANAGH, Judge.

FRIDAY, DECEMBER 18, 1891.

ACTION to recover on the ground of the defendant's
failure to forward a telegram pursuant to request of the
plaintiff and agreement of the defendant.   There was
a verdict and judgment for the defendant.   The plain-
tiff appeals.—*Affirmed.*

*Whiting S. Clark,* for appellant.

*Cummins & Wright,* for appellee.

BECK, C. J.—I. The plaintiff, having been located
in Des Moines, removed to Davenport.   He claims that

1. TELEGRAPH
companies:
failure to de-
liver mes-
sages: dili-
gence.

on the third day of October, 1888, he
informed the defendant of his removal,
and requested that all telegrams received
for him be forwarded to him at Davenport.
Having an important lawsuit in Texas, a telegram
was sent to him October 29th to Des Moines that
the time of trial was changed from November 8th to
November 28th.   It was not forwarded, and not received
by the plaintiff, who proceeded to Texas in time for the
trial as it was first set—for November 8th—whereby the
plaintiff incurred expenses and losses, for which he
seeks to recover in this action.   The sending of the
telegram and the failure of the plaintiff to receive it
are not disputed.   The only point of fact in contro-
versy involves the notice to the defendant of the
plaintiff's change of his place of residence, and the
defendant's agreement to forward any telegram which
should be received, and the items of damages by the
plaintiff.

II. Upon the first of the points the evidence was
in conflict, the plaintiff testifying that he did give the

**2.** —: —: —. notice, and the defendant did agree, as alleged, to forward the telegram, while two or more employes in the defendant's office at Des Moines, who were charged with the duty of receiving such notice, testify that none was given, and they heard nothing about it. The efforts of the defendant to forward the telegram through the mail, which failed by reason of the return of the notice, the plaintiff's address presumed to be unknown at the post office, and other facts and circumstances, corroborate and support the defendant's side of the case. There is no sufficient ground for setting aside the verdict as being without the support of the evidence.

III. The plaintiff testified on cross-examination, without objection, in his behalf, that he did not receive a postal card shown to have been mailed at Des Moines by the defendant, advising him of the receipt of the telegram. Subsequently the defendant was permitted to introduce a postal card, over the plaintiff's objection, based, as we understand, on the ground that it was an attempt to impeach the plaintiff by contradicting his evidence to the effect that he had requested the proper employe of the post office, on the day he gave the notice to the defendant, to send thereafter his mail to Davenport. The card was admissible to show efforts made by the defendant's employes to deliver the telegram, from which an inference may arise supporting their evidence that there was no notice by the plaintiff and agreement by the defendant to send the telegram to Davenport. If the evidence tended to impeach or discredit the plaintiff, that was incidental, and ought not to cause the exclusion of the evidence, which was competent on other grounds.

IV. The district court, in an instruction, directed the jury that the agreement to forward the telegram would be binding on the defendant for a reasonable time, and such reasonable time was to be determined by them in view of the evidence as to the

customs of the defendant in conducting its business, the knowledge imparted to its employes when the agreement was entered into, and all other testimony applicable to the point. Of course, in the absence of a stipulation to the contrary, the defendant was only bound by the contract, if it were made, for a reasonable time. It could not be expected to keep before its employes indefinitely the plaintiff's change of residence to Davenport. The telegram was received twenty-six days after the alleged agreement to forward was made. It was proper for the jury to determine upon the evidence whether that was a reasonable time to which the agreement extended.

V. An instruction as to the damages to be recovered is complained of by counsel. As there was no verdict for the plaintiff, the jury, we presume, never went so far as to inquire as to damages. The instruction could have had no possible effect upon the findings of the jury as to the plaintiff's right to recovery. It need not, therefore, be considered.

VI. Rulings upon the admission of the evidence are complained of in argument. Two, at least, of the grounds of complaint are not supported by the facts, and others do not merit discussion. They show no error. AFFIRMED.