MARTIN & WOOLWINE v. CHICAGO, ROCK ISLAND AND
PACIFIC RAILWAY COMPANY.

(Filed July 30, 1898.)

1. DAMAGES—*Erroneous Instruction.* An erroneous instruction as to the
amount plaintiff should recover, if he recover any amount, but
which does not affect his right to a recovery, is not such error as
will secure a reversal of the judgment, when t. e verd.ct of tne jury
and judgment of the court are for the defendant.

2. MEASURE OF DAMAGE—*Evidence—Error.* The court excluded comp-
pet mt evidence as to the measure of damages, but instructed the
jury that they should return a verdict for nominal damages only
if they found for the plaintiffs. *Held* that, inasmuch as the verd'c'
was for the defendant, the exclusion of competent evidence, which
went only to the measure of damages, was not reversible error

3. JUDGMENT—*Appeal*—*Reversal.* A judgment will not be reverse l on ac-
count of errors committed upon the trial, which do not affect the
substantial rights of the party appealing.
(Syllabus by the Court.)

*Error from the District Court of Garfield County; before
Jno. L. McAtee, District Judge.*

*T. J. Sanford* and *W. S. Denton,* for plaintiff in error.

*M. A. Lowe, W. F. Evans, Dille & Blake* and *W. E. Clark,*
for defendant in error.

Action by Martin & Woolwine against the Chicago,
Rock Island & Pacific Railway company. From a judg-
ment for defendant, plaintiffs appeal. Affirmed.

Opinion of the court by

BURWELL, J.: This is an action for damages, brought
by I. E. Martin and A. W. Woolwine, partners, doing
business under the firm name and style of Martin &
Woolwine, against the Chicago, Rock Island & Pacific
Railway company, for damages, for the refusal of the
defendant to receive and ship certain cattle owned by
plaintiffs, from South Enid, Oklahoma, to either Horton
or Caldwell, Kan., or to Medford, Oklahoma. On the
trial, judgment was rendered for the defendant. There-
upon the plaintiffs appealed to this court.

The record discloses the fact that, at the time plain-
tiffs offered their cattle for shipment, it was unlawful
for the defendant railroad company to transport cattle
from South Enid to any point in the state of Kansas,
except to the Southern Pens, at Kansas City, unless a
permit were issued by the proper quarantine officer of
the state of Kansas, authorizing such shipment. The
agent of the defendant at South Enid, on the evening of

the 13th day of February, 1896, ordered a car for plaintiffs to ship their cattle in. It arrived at that place in time for plaintiffs to have loaded the next morning. The agent, at the request of plaintiffs, also wired to several different points in Kansas to secure a permit to make the shipment, but was unable to reach any of the quarantine officers. The contention of the plaintiffs is that they requested defendant to ship the cattle to Horton, Kan., and it declined; they then requested it to ship them to Caldwell, Kan., which it refused to do; and finally they requested the defendant to ship the cattle to Medford, Oklahoma, so that they could drive them across the Kansas line before 12 o'clock A. M. on February 15, 1896, at which time the government quarantine law went into effect; and that the defendant likewise declined to ship the cattle to Medford. On the other hand, the defendant admits having refused to ship the cattle to any point in Kansas, except to the Southern Pens, at Kansas City, unless a permit to ship the cattle of plaintiffs into that state were first secured from the proper quarantine officer of Kansas, authorizing the same, but deny having refused to ship plaintiffs' cattle to Medford, and claim that it expressly offered to bill the cattle to Medford, Oklahoma, and that plaintiffs objected to shipping to that point. The evidence on these points was conflicting. The court instructed the jury as to damages as follows:

"You are further instructed that there is no evidence in this case showing either what defendant, as a common carrier, had the right to charge for the carriage of said cattle, or the amount it would have been necessary to pay for the same service at the time plaintiffs allege that they tendered defendant the cattle in question

for shipment. Therefore you are further instructed that, if you should find for the plaintiffs in this case, your finding should be for nominal damages only. Damages assessed in this instance at one cent, ten cents, or one dollar would be nominal damages, within the meaning of this instruction."

It will be observed from this instruction that the court instructed the jury to return a verdict for nominal damages only, if they found for the plaintiffs. The plaintiffs contend that this instruction was erroneous, and that the court erred in excluding evidence offered by plaintiffs which would have established the actual damages sustained by them, and that it also erred in refusing instructions requested by appellants, as to the measure of damages. An examination of the record satisfies us that the trial court committed error in excluding certain evidence offered by plaintiffs, and also that there was error in the instructions; but, unless the appellants were prejudiced thereby, a reversal will not be ordered by this court.

The instructions requested by plaintiffs, and refused, were as follows:

"The measure of damage in this case, if you find for the plaintiffs, is the loss sustained by the plaintiffs, occasioned by the failure and neglect of defendant to accept and transport the stock tendered for shipment to Medford, Oklahoma.

"If you find for the plaintiffs in this action, your verdict should include, as the measure of damage, the difference in value of the cattle at the date tendered for shipment, and their value when sold."

Conceding for the sake of argument that these two instructions correctly state the law, which, in our opinion, they do not, the refusal to give them in this

case, under the record presented, is not reversible error. The plaintiffs abandoned their contention that they were entitled to recover damages for the refusal of the defendant to ship the cattle into the state of Kansas, without a permit from the quarantine officer of that state, and rely upon their right to recover for defendant's refusal to transport plaintiffs' cattle from South Enid, Oklahoma, to Medford, Oklahoma. The question as to whether or not defendant refused to ship plaintiffs' cattle from South Enid to Medford was an issue of fact for the jury, and it determined the same by returning a verdict for defendant. In other words, the jury found that defendant did not refuse to ship the cattle from South Enid to Medford.

The court instructed the jury that, if the defendant refused to ship the cattle to Medford, they should find for the plaintiffs. The instruction is as follows:

"The court instructs the jury that if they find from the evidence that the plaintiffs tendered, at a reasonable hour, on the 14th day of February, 1896, thirty-four head of cattle for shipment to Medford, Oklahoma, and the defendant, without any excuse, refused to accept and transport said cattle to said Medford, then your verdict should be for the plaintiffs."

This instruction lays down the rule too broadly in favor of the defendant. To say that "if the defendant, without any excuse, refused to accept and transport said cattle to said Medford," etc., implies that, if it had or gave any excuse, it was not liable. If the defendant had sought to justify a refusal to ship the cattle to Medford, the excuse offered should have been a lawful excuse; any excuse would not be sufficient. But the question of excuse for not shipping to Medford was not in issue,

either in the pleadings or on the trial. Plaintiffs asserted that defendant refused to ship to Medford, and defendant denied the allegation, and insisted that it expressly offered to bill the cattle to that point. The jury could not have considered the question of excuse for not shipping to Medford, because it was not in the case. Therefore that part of the instruction was harmless. If the jury had returned a verdict for plaintiffs, for any amount less than amount prayed for, this case would have to be reversed and remanded for a new trial; but, inasmuch as the verdict was for the defendant, the plaintiffs cannot complain of erroneous instructions as to the amount of damages they were entitled to recover, when the instructions of the court did not prejudice their right to a recovery.

Mr. Justice Brewer, speaking for the court, in the case of *McIntosh v. Com'rs*, 13 Kan. 171, says: "It is urged that the court misdirected the jury as to the amount that the plaintiff might recover under the pleadings and testimony. As the jury found for the defendant, this error, if error it were, cannot have wrought any prejudice to the plaintiff." (See, also, case of *Wilkes v. Wolback*, 30 Kan. 375, 2 Pac. 508.)

In the case of *Thorp v. Telegraph Co.*, 50 N. W. 675, the supreme court of Iowa said: "An instruction as to damages to be recovered is complained of by counsel. As there was no verdict for plaintiff, the jury, we presume, never went so far as to inquire as to damages. The instruction could have had no possible effect upon the findings of the jury as to plaintiff's right to recovery. It need not therefore be considered."

The supreme court of Wisconsin, in the case of *Mora-*

*wetz v. McGovern*, 32 N. W. 290, held: "Error in an instruction as to the measure of damages, upon a certain claim, becomes immaterial, if the jury disallow the same in toto."

If the plaintiffs requested the defendant to ship the cattle to Medford, and it neglected or refused so to do, plaintiffs were entitled to a verdict for nominal damages, under the instructions of the court. As the verdict was for defendant, the presumption is that the jury never considered the amount of damages plaintiffs ought to recover in the event of a verdict in their favor. There was no occasion for considering that question.

The plaintiffs also contend that the following instruction, given by the court, was erroneous: "If the plaintiffs tendered the cattle for shipment on the 14th day of February, 1896, to Medford, it was the ducy of defendant to receive the same, and transport them to the place requested, provided they were not forbidden to do so by the quarantine laws of the state of Kansas." It certainly cannot be contended that this instruction correctly states the law. The expression "provided they were not forbidden to do so by the quarantine laws of the state of Kansas" should not have been included in this instruction, as the laws of Kansas could have nothing whatever to do with the shipment of cattle from South Enid to Medford, Oklahoma, it not being necessary to pass through any part of Kansas in transporting cattle from South Enid to Medford; and we think that this expression must have been inadvertently written in the instruction. There is, however, nothing in the record to show that the defendant was forbidden by the laws of Kansas from shipping cattle from South Enid to Medford, Okla-

homa. Therefore the instruction could not have misled the jury. The errors complained of are not such errors as would change the result of the trial. For the reasons herein stated, the judgment of the trial court is hereby affirmed, at the cost of the appellants.

McAtee, J., having presided in the court below, and Burford, C. J., (declining to sit,) not sitting; all of the other Justices concurring.