### KLINE v. HAFFNER.

No. 8395—Opinion Filed Oct. 1, 1918.

(175 Pac. 341.)

#### Judgment in Replevin—Return of Property —Damages.

Under section 4807, Rev. Laws 1910, where property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same.

(Syllabus by Hooker, C.)

Error from County Court, Blaine County; Ed. Baker, Judge.

Replevin by Carl Haffner against Henry H. Kline. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

Wm. Woolman, for plaintiff in error.

Opinion by HOOKER, C. This is an action in replevin, instituted by Carl Haffner against Henry H. Kline, to recover possession of two head of horses and three cows. The plaintiff below recovered a judgment for the return of the cows, or their value, $135, and damages, in the sum of $125. From this judgment, the defendant below has appealed here.

The evidence in this case was very conflicting as to the ownership of the property in question, but under the established rule of this court, there being some evidence to support the verdict of the jury, and the same having been approved by the trial court, we must refuse to interfere with the judgment of the court, and must treat the issues of fact as settled thereby.

It is urged by the plaintiff in error that the measure of damages recovered in this case is contrary to the law. Section 4807, Rev. Laws 1910, provides that:

"If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

The court submitted this case to the jury upon the law as laid down in this provision of the statute. The jury said these cows belonged to the plaintiff below, and that he was entitled to a return thereof, or their value to wit, $135, and to the further sum of $125 damages for their wrongful detention.

We have carefully read this evidence, and we are of the opinion that the verdict of the jury, as to the amount of damages, is not supported by the evidence. The testimony of the defendant in error is to the effect that the use of those cows was $2 a month, and that the plaintiff in error had possession thereof from the 20th day of December, 1912, to the 20th day of March, 1915, which would make the damages sustained by the defendant in error $54. This is all the damages the evidence in this case will sustain.

The judgment of the lower court as to the item of damages is reduced from $125 to $54, and this cause is in all other things affirmed.

By the Court: It is so ordered.