## McKELVY v. CHOCTAW COTTON OIL CO.

No. 9384—Opinion Filed Feb. 11, 1919.

(178 Pac. 882.)

(Syllabus.)

1. **Master and Servant—Judgment—Voluntary Discharge.**

In an action for damages for wrongful discharge of plaintiff before the expiration of the term of employment, the breach of the contract was a necessary element in the statement of plaintiff's action, which he was required to affirmatively prove, and the defendant was entitled to introduce evidence under a general denial controverting any fact which the plaintiff was bound to prove in order to establish his cause of action.

2. **Appeal and Error—Harmless Error—Evidence—Instruction.**

Where in such action the jury finds for defendant upon the issue as to a breach of the contract, error in the exclusion of evidence set out in the opinion and the giving of an erroneous instruction as to the measure of damages will not work a reversal of the case.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by W. E. McKelvy against the Choctaw Cotton Oil Company. Judgment for defendant, and plaintiff brings error. Affirmed.

C. F. Green, for plaintiff in error.

Robt. Wimbish and W. C. Duncan, for defendant in error.

HARDY, C. J. W. E. McKelvy prosecutes error from a judgment against him in the district court of Pontotoc county in an action against the Choctaw Cotton Oil Company wherein he sought to recover damages for breach of a contract of employment. This is the second time this cause has been appealed to this court; the former opinion being reported in 52 Okla. 81, 152 Pac. 414.

Plaintiff alleged a contract of employment for 12 months, and further alleged that defendant committed a breach of said contract by terminating same and dispensing with plaintiff's services prior to the expiration of the term fixed by the contract. The amended answer consisted of general and special denial.

Error is assigned upon the admission of certain evidence offered by defendant in justification of the plaintiff's discharge, and it is contended that the facts which the evidence tended to prove constituted a special defense which should have been affirmatively

pleaded, and could not properly be proven under a general denial. The action was for damages for a wrongful discharge of plaintiff before the expiration of the term of employment, and the breach of the contract was a necessary element in the statement of plaintiff's action which he was required to affirmatively prove. Sharpless Separator Co. et al. v. Gray, 62 Okla. 73, 161 Pac. 1074. The defendant was entitled to introduce evidence under the general denial controverting any fact which the plaintiff was bound to prove in order to establish his cause of action. Robinson et al. v. Peru Plow & Wheel Co., 1 Okla. 140, 31 Pac. 988; Tishomingo Electric Light & Power Co. v. Gullett, 52 Okla. 180, 152 Pac. 849. Ditzler Dry Goods Co. v. Sanders, 44 Okla. 678, 146 Pac. 17, was an action for alleged wrongful discharge of a servant, and it was there held that the defense of a general denial put in issue the contract of employment and the question of a breach thereof. In Bey v. Reid, 31 Kan. 113, 1 Pac. 264, plaintiff and defendant had entered into a written contract whereby plaintiff employed defendant to serve as a clerk in the store or stores of plaintiff for a period of one year. In an action by plaintiff against defendant upon the contract defendant answered, setting up a cause of action against plaintiff alleging a wrongful discharge of defendant before the year expired, and prayed judgment, among other things, for the amount due. To this plea plaintiff filed a general denial, and it was held that on the trial plaintiff might show the discharge was not wrongful by showing that it was justifiable.

There was no error in admitting the evidence complained of. Nor did the court err in refusing to give plaintiff's requested instruction No. 2, which was to the effect that, if the jury found the contract of employment was entered into and the plaintiff was discharged before the expiration thereof, they should find for plaintiff, whether defendant had cause for discharging plaintiff or not. This instruction was rightfully refused. It would have been in direct conflict with the former opinion in this case.

At the trial defendant introduced its original answer, which contained an admission that defendant employed plaintiff as its bookkeeper for what was known as the "season for the years 1911 and 1912"; that is, for the period during which said mill was actively being operated, and when the season was over plaintiff's services were to be dispensed with. In view of this admission plaintiff offered testimony to show when the season for 1911 and 1912 closed, which testi-

mony was rejected. This was error, but not sufficient to work a reversal because upon the issue as to whether plaintiff was wrongfully discharged, the jury found for defendant, and if the discharge was justifiable it would be immaterial as to when the season closed.

Error is also assigned upon the giving of instruction No. 4½, in which the court instructed the jury that, if they found plaintiff was wrongfully discharged, it then became plaintiff's duty to seek other employment, and his measure of recovery would be the difference between what he would have received had he not been discharged and what he could have received under his new employment. This instruction was not a correct statement of the true rule (Ditzler Dry Goods Co. v. Sanders, supra; Sharpless Separator Co. v. Gray, supra); but, the jury having found in favor of defendant upon the issue of wrongful discharge, an erroneous instruction as to the measure of damages will not justify a reversal of the cause (Martin et al. v. C., R. I. & P. Ry. Co., 7 Okla. 452, 54 Pac. 696; Wertz v. Barnard, 32 Okla. 426, 122 Pac. 649; Howard v. Rose Tp. Payne County et al., 37 Okla. 153, 131 Pac. 683; Farmers' Product & Supply Co. v. Bond, 61 Okla. 244, 161 Pac. 181). There is no merit in the other contentions.

The judgment is affirmed.