SCHWARTZ, Appellant, v. GREAT NORTHERN RAIL-
WAY CO., Respondent.

(No. 4,597.)

(Submitted January 9, 1922. Decided February 20, 1922.)

[205 Pac. 219.]

*Railroads—Transportation of Livestock—Negligence—Damages
—Erroneous Instruction—When Harmless.*

Railroads — Livestock — Injury in Transit — Measure of Damages—Erro-
neous Instruction.
 1. In an action for damages to a livestock shipment in transit,
 an instruction that the loss sustained by plaintiff should be computed
 on the basis of the value of the stock at the time and place of ship-
 ment was erroneous, the clause of the shipping contract upon which
 it was grounded being void under the Cummins Amendment to the
 Interstate Commerce Act.

Same — Measure of Damages — Erroneous Instruction — When Harmless
Error.
 2. An erroneous instruction on the measure of damages recoverable
 by plaintiff was harmless where the verdict on the main issue, to-
 wit, negligence on the part of defendant carrier, was in favor of
 defendant.

*Appeal from District Court, Chouteau County; John W.
Tattan, Judge.*

Action by P. H. Schwartz against the Great Northern Rail-
way Company. Judgment for defendant and, from an order
denying a new trial, plaintiff appeals. Order affirmed.

*Mr. John P. Devaney* and *Mr. Theodore W. Thomson,* of
the Bar of Minneapolis, Minnesota, and *Messrs. Stranahan,
Towner & Clark,* for Appellant, submitted a brief; *Mr. W. W.
Patterson,* of Counsel, argued the cause orally.

*Mr. I. Parker Veazey, Jr., Mr. W. L. Clift* and *Mr. R. H.
Glover,* for Respondent, submitted a brief; *Mr. Clift* and *Mr.
Glover* argued the cause orally.

An erroneous instruction in reference to damages does not
warrant the setting aside of a judgment on the merits in

favor of defendant. (*Pulliam* v. *Schimpf,* 109 Ala. 179, 19 South. 428; *Wilhelm* v. *Donegan,* 143 Cal. 50, 76 Pac. 713; *Zimmerman* v. *Denver Consolidated Tramway Co.,* 18 Colo. App. 480, 72 Pac. 607; *Conant* v. *Jones,* 120 Ga. 568, 48 S. E. 234; *Vischer* v. *Northwestern Elevated R. Co.,* 256 Ill. 572, 100 N. E. 270; *Western Brass Mfg. Co.* v. *Haynes Auto. Co.,* 61 Ind. App. 524, 112 N. E. 108; *Halley* v. *Tichenor,* 120 Iowa, 164, 94 N. W. 472; *Todd* v. *Boston Elevated R. Co.,* 208 Mass. 505, Ann. Cas. 1912A, 1005, 94 N. E. 683; *Livesey* v. *Helbig,* 87 N. J. L. 303, 94 Atl. 47; *Lautner* v. *Kann,* 184 Pa. St. 334, 39 Atl. 55; *Widman* v. *Gay,* 104 Wis. 277, 80 N. W. 450.)

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action to recover damages alleged to have been caused by the defendant's negligence in failing to furnish suitable accommodations for care, feeding and watering of three cars of sheep, and in failing to exercise due care in the operation of the trains carrying them from the station of Big Sandy, Montana, to Chicago. The cause was submitted to the jury, upon conflicting evidence as to negligence. They returned a verdict in defendant's favor. Plaintiff appeals from an order denying a new trial.

In the court below plaintiff based his damages on the value of the sheep at destination. He now complains that the court erred in limiting his recovery to nominal damages only. Upon the trial he proved what the dead sheep would have been worth at Chicago alive and in a normal condition, and what the live sheep would have been worth there had the defendant performed its duty as a common carrier. He offered no proof of the value of the sheep at the time and place of shipment.

Upon the question of negligence, the court, without exception, gave the following instruction: "(9) The burden of proof is upon the plaintiff to establish the allegations of his complaint with reference to delay and improper handling on the

part of the defendant, by a preponderance or greater weight of the evidence, and if you find that plaintiff has failed to sustain such burden of proof and has failed to prove the allegations of his complaint and establish his causes of action against the defendant, your verdict must be for the defendant."

The court then told the jury that the loss or damage sustained by the plaintiff must be computed on the basis of the value of the sheep at the time and place of shipment; that he could not recover a greater sum than would represent their value at the time and place of shipment, and for the sheep which did not die no greater sum than the difference between their value at destination without having been subjected to delay or rough handling; and that, if they found that plaintiff had suffered loss due to defendant's negligence, they could allow him only nominal damages—"a small amount to determine a right."

The only objections interposed to the instructions were that, upon the question of damages, they were ambiguous, unintel[1]    ligible and uncertain, and seemed to tell the jury that the provision in the shipping contract was void, yet that it was legal notwithstanding its limitation of value, whereas it was unjust, unconscionable, and void under the Cummins Amendment to the Interstate Commerce Act (U. S. Comp. Stats., secs. 8592, 8604a). He did not, as he does now, challenge the instruction fixing the standard for the measurement of the damages upon the ground now urged. He does not now complain of the instruction defining negligence, but does claim that the provisions in the shipping contract confining the estimate of damages to the value of the sheep at the point of shipment were void, and that the court's instruction that it was valid, and was so argued by counsel to the jury, constituted error hurtful to his cause. He relies upon *McCaull-Dinsmore Co.* v. *Chicago etc. Ry. Co.* (D. C.), 252 Fed. 664 (affirmed in 253 U. S. 97, 64 L. Ed. 801, 40 Sup. Ct. Rep. 594). There this identical provision was held to be void as preventing a recovery for the full actual loss. Counsel for defend-

[2]     ant admit the fault in the charge upon damages, but insist that it did not harm the plaintiff because the jury found that the defendant was free from negligence before they ever reached the question of amount at all.   The general rule undoubtedly is that an erroneous instruction upon the question of damages is not prejudicial where the verdict upon the main issue—that of negligence in this instance—is unfavorable to the plaintiff.   (*Martin & Woolwine* v. *Chicago etc. Ry. Co.,* 7 Okl. 452, 54 Pac. 696, and the numerous cases cited by Mr. Justice Frick in his dissenting opinion in *Burbridge* v. *Utah L. & T. Co.* (Utah), 196 Pac. 556.)

Under the charge as given, the jury could have returned a verdict for the plaintiff had he sustained his charges of negligence by a preponderance of the evidence.   Instead, they found for the defendant upon the conflicting evidence.   Had their findings been in plaintiff's favor, the erroneous instruction would have placed a limitation upon the amount of his recovery and the error would then have been too palpable to question.   Having failed to prove that the defendant did not fulfill his duty as a common carrier, and having failed to satisfy them that he had established his right to recover "a small amount to determine a right," they returned a verdict accordingly.   In reaching this conclusion, we must presume that the jury fairly considered and applied to the evidence all of the court's instructions, and, believing that the plaintiff was not entitled to a verdict, selected one of the two alternatives left to them and found in favor of the defendant.   This court must not presume that the jury did not follow the instructions, apply them to the evidence, and find according to its preponderance.

The order appealed from is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway and Galen concur.