## STEWART v. LUDLOW.

No. 17516. Opinion Filed July 19, 1927.

Rehearing Denied Oct. 11, 1927.

(Syllabus.)

**1. Contracts—Obligations Arising from Acceptance of Benefits of Transaction.**

A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known or ought to be known to the person accepting.

**2. Appeal and Error—Conclusiveness of Verdict on Conflicting Evidence.**

Where the verdict of a jury is based on conflicting evidence. but there is evidence reasonably tending to support the verdict, and such verdict has been approved by the court by the rendition of judgment thereon, the Supreme Court will not interfere with the judgment and will treat issues of fact as settled thereby.

**3. Contracts—Reasonable Time for Performance Where Time not Specified.**

If no time is specified in a contract for the performance of an action which is to be performed, it will be presumed that such action must be performed within a reasonable time.

**4. New Trial—Verdict not to be Impeached by Testimony of Jurors.**

Affidavits or testimony of jurors will not be received for the purpose of impeaching the verdict which they have solemnly and publicly returned into court, it being contrary to public policy to permit jurors to impeach the verdict of the jury.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Leo Ludlow against F. C. Stewart. Judgment for plaintiff, and defendant appeals. Affirmed.

West, Gibson. Sherman. Davidson & Hul', for plaintiff in error.

G. C. Spillers, for defendant in error.

PHELPS, J. F. C. Stewart, plaintiff in error, and Leo Ludlow, defendant in error, were each in the oil and gas brokerage business in the city of Tulsa. Stewart had a customer who desired to buy some oil property. Stewart went to Ludlow and requested Ludlow to find suitable property for sale to Stewart's customer. Ludlow informed Stewart that he had listed and for sale certain oil property located in Osage county known as the Winemiller-Baxter property. Stewart negotiated a sale of this property for the sum of $700,000 and for his commission he was to receive $34,125, half of which amount was claimed by Ludlow and for which amount he filed suit against Stewart in the district court of Tulsa county. The issues being joined, the cause was tried to a jury, resulting in a verdict in Ludlow's favor for $6,250, and from the judgment rendered upon said verdict Stewart prosecutes this appeal.

Counsel for plaintiff in error assign 23 specifications of error, which they present in their brief under three propositions, the first of which is that the record fails to show any privity between the parties by virtue of contract, express, implied, or otherwise, under which the defendant Stewart became obligated or liable to plaintiff Ludlow for the claim sued on.

In the petition filed in the district court

by Ludlow he sets forth his claim in what is denominated two separate counts, in the first of which he pleads a general custom prevailing in that locality that where one broker procures the property for sale and another broker procures the purchaser, each broker is entitled to one-half the commission. In the second count he pleads that he procured the property for sale and that the defendant Stewart procured the purchaser; that the reasonable value of his service in so procuring the property for sale to Stewart's client was half the commission to be paid Stewart, amounting to $17,062.50.

Evidence was introduced tending to prove all the facts surrounding the transaction pleaded in both counts, it appearing that the facts pleaded in both counts were merely a method of pleading the same in two different ways, but the jury's verdict indicated that the jury arrived at their verdict upon the theory pleaded in the second count; that is, that Ludlow was entitled to a reasonable compensation for his services, and it is therefore unnecessary to discuss the facts as set forth in the first count.

It is the contention of counsel for plaintiff in error that the action is one for money had and received by Stewart for the use and benefit of Ludlow, and in order for Ludlow to prevail there must be some privity existing between the parties in relation to the money sought to be recovered. It is their contention, in other words, that there was no contract, either express or implied, that Stewart should pay any portion of the commission he received to Ludlow, and that unless there was such contract, or unless it could be shown that Stewart had received money belonging to Ludlow which Stewart, in good conscience and equity, should not retain, that plaintiff could not prevail in the trial court and should not prevail here. Counsel for defendant in error contends with equal earnestness that this is not the correct theory, but that, under the pleadings and evidence, Stewart is indebted to Ludlow for the services rendered in giving him information which enabled him to make the sale of the property in question, the reasonable value of that service to depend upon the evidence, and that the judgment being based upon the verdict of the jury, and the verdict being supported by the evidence, the judgment should not be disturbed.

Section 5031, C. O. S. 1921, reads as follows:

"An implied contract is one the existence and terms of which are manifested by conduct."

Section 5013, C. O. S. 1921, reads:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known or ought to be known to the person accepting."

There is little conflict in the evidence as to the negotiations between plaintiff and defendant. Ludlow testified that Stewart came to him seeking information as to the whereabouts of property in which he might interest his clients. It is admitted that Stewart submitted to his clients the first proposition suggested by Ludlow, but that he could not interest them in it. Ludlow claims that in a subsequent conversation he informed Stewart that the Winemiller-Baxter property was for sale and that, acting upon this information, Stewart negotiated the deal; while Stewart claims that it was generally known that the Winemiller-Baxter property was for sale and that Ludlow rendered him no service in that connection.

If Stewart should admit that he acted upon the information furnished him by Ludlow and closed a deal, we take it that, under the above-quoted sections of the statute, there would be no denial that Ludlow would be entitled to compensation, even though not a word had been spoken between the two on the subject of a division of the commission. If this be true, it may be said with equal emphasis that Ludlow is entitled to compensation if there was any evidence reasonably tending to support the jury's verdict that the deal was closed by Stewart upon information furnished him by Ludlow.

It appears that after the deal was closed, other parties than Stewart were attempting to collect the commission, and Stewart there asserted, and called upon Ludlow to verify his statement, that he procured the property from Ludlow, and while upon the witness stand Stewart testified:

"I told Leo Ludlow I would play fair with him in the matter."

In C., R. I. & P. Ry. Co. v. Pruitt, 67 Okla. 219, 170 Pac. 1143, in the third paragraph of the syllabus, this court said:

"Where the evidence in the case reasonably tends to support the verdict of the jury, and the trial court has entered judgment thereon, such judgment will not be reversed on the ground of the insufficiency of the evidence."

And in Kline v. Haffner, 73 Okla. 176, 175 Pac. 341, in the second paragraph of the syllabus, this court said:

"There being some evidence to support

approved verdict, based on conflicting evidence, the appellate court will not interfere with the judgment, and will treat issues of fact as settled thereby."

We conclude, therefore, that if Stewart negotiated the deal upon the information furnished him by Ludlow, Ludlow was entitled to compensation for the services rendered, and the question as to whether such information was furnished by Ludlow being a question of fact to be determined by the jury, and there being evidence in the record reasonably supporting the jury's findings, we will not disturb the judgment based thereon.

Counsel for plaintiff in error, in their second proposition, contend that if the plaintiff in the trial court had a cause of action, it had not accrued at the time this suit was filed and the court erred in not dismissing it upon defendant's motion. Supporting this contention they argue that if Ludlow were entitled to any portion of the commission Stewart was to receive, he could not maintain an action for it until it was paid to Stewart, further claiming that Stewart had not received the commission at the time Ludlow's suit was filed.

The record shows that Stewart brought suit for his commission and had recovered judgment for $34,125, but that an appeal had been taken to the Supreme Court and was still there pending. Counsel for Ludlow contends that Ludlow's right to recover, under the evident view the jury took of the case, was not dependent upon the collection of the commission by Stewart. Under that theory of the case the court, in instruction No. 7, told the jury:

"* * * That the mere fact that the defendant had not collected the commission which was due him for selling the property out of which this controversy arose has nothing to do with the issues in this case and should not be considered by you in determining whether or not the plaintiff is entitled to recover in this cause."

We observe that no exception was taken to this instruction by the defendant in the trial court. Counsel for Ludlow, with at least some degree of justification, in support of his contention, cites Puls v. Casey, 18 Okla. 142, 92 Pac. 388, also Garland v. Hunter, 77 Okla. 201, 187 Pac. 466, holding that:

"If no time is specified in the contract for the performance of an action required to be performed, a reasonable time is allowed."

The jury having found that Ludlow was entitled to recover, it follows that such right was based upon section 5013, or section 5031, supra, and the amount due him would be payable within a reasonable time after the obligation on the part of Stewart arose.

In their motion for a new trial counsel for plaintiff in error attacked the manner in which the jury arrived at its verdict and insist that the court erred in rejecting the testimony of one of the jurors offering to show the manner in which the verdict was arrived at. This question has been before this court so often that a discussion of the authorities is useless and we will rest the matter by referring counsel to the following authorities: C., R. I. & P. Ry. Co. r. Brown, 55 Okla. 173, 154 Pac. 1116; Egan v. First Nat. Bank 67 Okla. 168, 169 Pac. 621; City of Oklahoma City v. Stewart, 76 Okla. 211, 184 Pac. 779; Hale v. Streeter, 91 Okla. 107, 216 Pac. 154.

The judgment of the trial court is affirmed.

All the Justices concur.

Note.—See under (1) 13 C J. p. 243, §8 (Anno). (2) 4 p.858, §2836, p 865, §2839; 2 R. C. L. p. 194 ; 1 R. C. L. Supp. p. 433 ; 4 R. C. L. Supp. p. 90 ; 5 R. C. L. Supp. p. 79 ; 6 R. C. L. Supp. p. 73. (3) 13 C. J. p. 683, §776; p. 896; 2 R C. L. Supp. p. 238; 4 R. C. L. Supp. p. 450 ; 5 R. C. L. Supp. p. 376; 6 R. C. L. Supp. p. 417. (4) 29 Cyc. pp. 982, 984; Anno. 31 L. R. A. (N. S.) 930; L. R. A. 1918C, 149; 27 R. C. L. p. 896: 3 R. C. L. Supp. p. 1521; 5 R. C. L. Supp. p. 1485; 6 R. C. L. Supp. p. 1673.