## WALTON v. BRYAN.

No. 29372.   Jan. 21, 1941.

*109 P. 2d 489.*

James D. Fellers and Andrews & Andrews, all of Oklahoma City, for plaintiff in error.

Cook & Bingaman, of Purcell, for defendant in error.

PER CURIAM. This was an action for damages to growing crops instituted by Hubert Bryan, hereinafter referred to as plaintiff, against H. N. Walton, hereinafter referred to as defendant.

The plaintiff alleged, in substance, that the defendant had constructed a ditch and levee which had diverted the flood waters from the Canadian river during the month of June, 1937, over and upon the crops of plaintiff and had injured and destroyed the same to the plaintiff's damage in the sum of $1,600, for which he sought judgment. The defendant admitted that he had constructed the ditch and levee, but denied that the same had caused any injury to the plaintiff, and for a further and complete defense alleged that the plaintiff's injuries were due solely to a vis major. Trial was had to a jury. Demurrer to the evidence of the plaintiff and motion for directed verdict in favor of the defendant were overruled and denied. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $178. Judgment followed the verdict, and defendant has perfected this appeal.

As grounds for the reversal of said judgment the defendant submits the following propositions:

"The record does not disclose that the purported injuries to plaintiff's crops were caused by the acts of the defendant. The testimony only discloses that the crops of the plaintiff were damaged and destroyed by flood water, an act of God which could not be foreseen or anticipated by the defendant.

"The instructions of the court which were excepted to by the defendant were inconsistent and erroneous and resulted in confusing and misleading the jury.

"The trial court erred in admitting incompetent, irrelevant, and immaterial evidence which materially affected defendant's substantial rights."

Under the first proposition so advanced the defendant contends, in effect, that since he had not obstructed the Canadian river and the damage to the plaintiff had been caused by flood waters from said river, therefore it followed that plaintiff's injuries were due solely to vis major and hence constituted damnum absque injuria. The fallacy is in the major premise. The evidence shows that the ditch and levee which the defendant had constructed were the efficient and proximate cause of the flood waters escaping from the river out on the crops and cultivated lands of plaintiff. As pointed out in the case of Chicago, R. I. & P. Ry. Co. v. Morton, 57 Okla. 711, 157 P. 917:

"An unprecedented rainfall and resulting flood, to excuse liability as an 'act of God,' must not only be the proximate cause of the injury, but it must be the sole cause. If the injury occasioned by an 'act of God' would not have occurred except for the negligence of the defendant co-operating therewith as an efficient and contributing concurrent cause, the defendant will be liable."

Since the evidence of the plaintiff was sufficient to establish the allegations of his petition, it was not error to overrule the demurrer to such evidence and to deny the motion for directed verdict in favor of the defendant. Missouri, K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907; Myers v. Chamness, 114 Okla. 220, 245 P. 879.

The next contention is that the court misdirected the jury by giving certain instructions which tended to mislead and confuse it. The instructions to which reference is thus made are Nos. 2, 4, and 5. The first instruction so challenged merely defined a watercourse and informed the jury that the same could not be obstructed by a lower

proprietor to the injury of an upper proprietor. We fail to find the vice in this instruction which the defendant says exists. While the instruction given might have been omitted, there was nothing erroneous therein. The next instruction, concerning which complaint is made, when considered alone, is subject to criticism for the reason that it would appear to assume the existence of a contested fact in issue, but as said in Rafferty v. Collins, 160 Okla. 63, 15 P. 2d 600:

"In a law action instructions given by the trial court must be considered as a whole. An instruction which when standing alone would seem to assume the existence of a controverted fact in issue is not erroneous when considered with other instructions which tell the jury that before a verdict can be found for plaintiff they must find from a preponderance of the evidence the existence of such controverted facts."

When this latter instruction is thus considered it is apparent that its deficiencies were corrected by the other instructions given, and that the same could not have misled the jury in arriving at their verdict. The vice charged in the last instruction challenged, which is No. 5, is that it used the word "injuries" when it should have used the word "damages," and that the instruction by repetition tended to emphasize certain matters and thereby confused the jury. Save for the fact that the word "damages" should have been used instead of the words "injuries," the instruction so given is not even technically erroneous. We are unable to agree with the contention of the defendant that the respective instructions were either confusing or misleading, since an examination of the instructions as a whole shows that they fairly presented the issues to the jury and were not fundamentally erroneous in any particular.

The final contention of the defendant is that the court improperly admitted incompetent evidence. This contention is based upon the fact that during the trial the plaintiff was permitted to prepare a rough drawing in the presence of the jury for the purpose of explaining his testimony. The objection of defendant thereto appears to have been based upon the fact that this drawing had not been identified and offered in evidence, but nowhere is it shown that the admission of this evidence was in any wise prejudicial to the defendant. If we assume that there was error in this respect, it was not such as would work a reversal of the cause. Section 3206, O. S. 1931, 22 Okla. St. Ann. § 1068.

We have carefully examined the entire record and are satisfied that the cause was fairly tried upon instructions which, as a whole, were fundamentally correct, and therefore the verdict and judgment will not be disturbed.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.