NATIONAL TANK CO. v. SCOTT et al.

No. 30715. Dec. 15, 1942.

*130 P. 2d 316*

614

Everett Petry and E. LeRoy Allen, both of Tulsa, for plaintiff in error.

Hughey Baker, of Tulsa, for defendants in error.

GIBSON, J. This action was instituted in the court of common pleas of Tulsa county by defendants in error against plaintiff in error to recover damages for the wrongful death of their minor child. Judgment was rendered on the verdict for plaintiffs below, and defendant appeals.

Defendant's first assignment charges error in overruling its motion for directed verdict.

After reviewing the record, we are of the opinion that the evidence of negligence was sufficient to warrant submission of the issue to the jury.

The accident occurred in a congested district in the city of Tulsa, when the deceased, a child of 5½ years, ran from the curb into the street and was struck by the front fender of an automobile driven by defendant's agent. The child was fatally injured. The accident took place at a point approximately 40 feet distant from the street intersection.

There is no substantial evidence to show that the automobile was traveling in excess of any specified legal speed limit. The driver's vision was more or less obstructed by motor vehicles parked along the curb, and especially so by a large milk truck from behind which the child ran directly into the path of defendant's automobile. The car could have traveled no more than 16 feet after the accident when it was brought to a stop.

The question of negligence to be determined in the trial court was whether the automobile was being operated at a speed greater than was reasonable and prudent under the surrounding circumstances.

A city ordinance pleaded by plaintiffs would place upon the operator of a motorcar the duty to operate the same at a speed no greater than is reasonable and prudent under the existing circumstances, as does also our statute, 47 O. S. 1941 § 92, which requires that in determining whether the car was operated at a careful and prudent speed, due regard be given to the traffic, surface and width of the road, "and any other conditions then existing." The ordinance and the foregoing provision of the statute define the duties of the defendant in this case.

In such case, the question whether the automobile was being operated at such an excessive rate of speed as to constitute primary negligence is for the jury to determine in the light of all the existing conditions as revealed by the evidence. Townsend v. Cotten, 180 Okla. 128, 68 P. 2d 790.

Plaintiffs also charged that the automobile was being driven at such an excessive rate of speed that the driver was unable to bring the same to a stop within the assured clear distance ahead, thus violating another provision of the above statute.

The foregoing allegation was placed at issue in the case, and the court instructed the jury thereon. Whether the operator of the automobile was driving at a speed which, in the existing circumstances, constituted a violation of the statute in this respect, and caused the accident, was also for the jury. We may say here, however, that in cases of this character the mere fact that an automobile is driven into or against a person or other object in its path does not raise a presumption that the speed was excessive within the meaning of the statute, supra. See Taylor v. Ray, 177 Okla. 18, 56 P. 2d 376.

The next contention is that the trial court erred in denying defendant's motion for new trial.

This contention is based on the assertion that the trial judge by his own statements made at the hearing on the motion clearly indicated that the verdict was contrary to the evidence and did not meet with his conscientious approval. In view of that circumstance, says the defendant, it was the duty of the court to set aside the verdict and grant a new trial. White v. Dougal, 60 Okla. 200, 159 P. 907; Chicago, R. I. & P. R. Co. v. Warren, 63 Okla. 190, 163 P. 705.

In each of the two cited cases the trial judge stated, in effect, that if the cause had been submitted to him, he did not think he would have reached the same conclusion as did the jury, but was of the opinion that he should not place his judgment up against that of the jury on controverted issues of fact.

The order of the court denying motion for new trial in both of those cases was held erroneous and the judgment reversed on the ground that in such circumstances the trial court should set aside the verdict and grant a new trial in order to preserve the movant's substantial legal rights. This court took the position that the trial judge considered himself without power to interfere with the verdict since there was evidence reasonably supporting the same. The rules governing such case were stated in White v. Dougal, supra, as follows:

"It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict, upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial.

"In passing on a motion for a new trial, it is the court, and not the jury, that must weigh and determine for itself the effect of the evidence. It can-not be said that a court approves a verdict when its reason and judgment rebel against the conclusions it expresses.

"Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

Here, the defendant duly challenged the sufficiency of the evidence by its motion for directed verdict and its motion for new trial.

The expression of the trial judge made on the motion for new trial and which, according to defendant, clearly revealed that the verdict did not meet with the court's conscientious approval, was as follows:

"The Court: My opinion in the case so far as the accident is concerned, as I said the other day when the motion was argued, if the case had been tried before me, without the aid or assistance of a jury, I would have found myself under the evidence that the accident and resulting death of the boy was an unavoidable accident. That is probably what I would have termed my decision, but I also said the other day, and I say again that after the case was tried, the way it was, exceptionally well tried by both sides, entirely free from error, so far as I can find from reviewing the case and realizing the evidence in the case was such that it was simply a question of fact as to how it happened, with the result of this jury's verdict, I am convinced for me to disturb this verdict because it may be different than what I would have done, is just a conviction on my part that it invades the province of the jury, and I have no reason in the world to do that.

"Mr. Allen: If I understand the court, you are not granting a new trial because the case was properly submitted to the jury, they decided the question of fact, and you don't think it is within the court's province to review the question of fact?

"The Court: Not necessarily that alone. It is my profound respect for the jury system. When I am convinced that a case could be decided either way by a

jury, especially when I am also convinced there is no error, so far as the trial is concerned, I don't want to be in the position of setting the verdict aside simply because I might have done something different if the case had been submitted to me without the assistance of a jury."

Plaintiffs' contention is that the statement merely reflected a disagreement with the verdict and not an absolute disapproval thereof such as would require the verdict to be set aside. It is urged that said statement, though it reflected disagreement with the verdict, clearly indicated that the judge yielded his own impression or opinion on the contested issues of fact and adopted that of the jury, all of which, it is said, may be done without substantial prejudice to the legal rights of the defendant in such case. Shabino v. Dolese Brothers Co., 174 Okla. 69, 49 P. 2d 686.

In that case, as here, there was a sharp conflict in the testimony on the issue of negligence. On motion for new trial the judge stated, among other remarks, as follows:

"I am willing to admit that if I had been on that jury I wouldn't have agreed to a verdict as they did, but I think the case was fairly submitted. There is a sharp conflict in the testimony, and to my mind there is no doubt but what the truck driver was guilty of negligence."

And in considering the above statement, this court said:

"This analysis of the testimony, coupled with the court's descussion of the function of the jury, is of itself amply sufficient to answer the argument 'that the verdict did not meet with the considerate mind and conscience of the court.'"

The following rule was there announced:

"While it is the duty of the trial court, in the exercise of sound discretion, to grant a new trial if, in his judgment, the verdict is not supported by competent testimony, or if, upon the whole record, he is convinced that justice has not been done, yet this does not prevent the trial judge from yielding his impression or opinion upon the testimony and adopting that of the jury if, upon consideration of the whole record, he is convinced that no prejudicial error has been committed by the court and that the verdict is sustained by sufficient competent proof which the jury has accepted and believed. In other words, the rule does not mean that the judge may or should substitute his opinion upon the weight and sufficiency of the testimony for that of the jury unless, in the exercise of sound legal discretion, he is convinced, as a court, that justice has not been done."

It is made clear in that case that the trial judge, though somewhat in disagreement with the verdict, was convinced that negligence on the part of the defendant had been established, and that the verdict did not result in injustice. We consider the rule therein stated controlling in this case.

Neither in that case nor in the present one did the trial judge make any statement that may be interpreted as an indication that he was ignorant of his duties in such circumstances. And there lies the clear distinction between this case and the two cases cited by defendant, above, White v. Dougal and Chicago, R. I. & P. R. Co. v. Warren. In those cases the trial court was laboring under the belief that it had no authority to question the verdict rendered on conflicting evidence. But, in the absence of a showing to the contrary, we must assume that the trial court was well aware of the duties and powers placed on it by law. And we must respect the presumption that it acted according to law and fully performed its legal functions. In this case the trial judge merely said, in effect, that according to his view the accident was unavoidable, but the evidence was in conflict on the issue of negligence, and that he would let the verdict stand. There was no indication on the judge's part that the trial court was without power to interfere with the verdict. We must presume that he well understood the court's powers and duties in the matter, and, instead of setting aside the verdict as not being agreeable with his own conscience, he accepted the same as a

just conclusion, yielded his own opinion, and accepted that of the jury. We find no error or abuse of discretion in the matter.

Defendant charges error in the court's instruction on the measure of damages, and its refusal to give defendant's requested instruction thereon.

It is not contended that the verdict is excessive.

The instruction complained of seems satisfactory to defendant in every respect except that portion which would authorize the jury in determining the amount of damage to consider, in addition to the pecuniary loss suffered by the parents in the death of the child, any detriment resulting from "being deprived of the comfort, society and protection of the child."

It has long been the rule in this state that the pecuniary loss alone constitutes the measure of damages in cases of this character. Blunt v. Chicago, R. I. & P. R. Co., 70 Okla. 149, 173 P. 656. In that case it was held that an instruction telling the jury "that it might consider the loss of society and association of the deceased as an element of damages" constituted error. The rule was there stated as follows:

"In an action brought under section 5281, Rev. Laws 1910, for wrongful death of a spouse, parent, or child, the plaintiff is limited to damages to pecuniary loss sustained by the wrongful death."

The section of the statute therein mentioned is now 12 O. S. 1941 § 1053, as amended by S. L. 1925.

But defendant failed to save exceptions to the objectionable instruction, and to have the exceptions noted as required by 12 O. S. 1941 § 578. And plaintiffs say that by reason thereof we are now precluded from reviewing the instruction.

Plaintiffs have here invoked the general rule; ordinarily we will not review an instruction in the absence of proper exceptions thereto. The statutory provision is mandatory. Jensen v. State ex rel. King, 165 Okla. 180, 24 P. 2d 982; Louis Berkman Co. v. Unger Metals Corp., 190 Okla. 101, 121 P. 2d 606. The rule is stated in the latter case as follows:

"An instruction is not reviewable on appeal unless the action of the court in giving or refusing same and the exception thereto and the signature of the judge are noted thereon, as provided by the statute."

There is a certain exception to the above rule, an exception which has grown up by reason of the common-law duty of the trial court on its own motion to properly instruct the jury on decisive issues formed by the pleadings and evidence. See Beams v. Young, 92 Okla. 294, 222 P. 952. In that case no exceptions were saved to the particular instructions, but this court reviewed the same on account of the trial court's duties aforesaid. The rule there announced has been limited to the extent that the review is restricted to fundamental errors of law appearing on the face of the instructions. Mason v. McNeal, 187 Okla. 31, 100 P. 2d 451. The rule as there stated reads as follows:

"Where exceptions are not saved to instructions as required by section 360, O. S. 1931, 12 Okla. Stat. Ann. § 578, this court will review such instructions only to determine whether they are free from fundamental error."

The holding in Beams v. Young, supra, is a direct departure from scores of our decisions, such as that in Louis Berkman Co. v. Unger Metals Corp., above, holding that the statute, section 578, was mandatory as to the saving of exceptions, and that failure to comply therewith would preclude review. In view of the fact that the statute is mandatory, any departure from the rule that instructions will not be reviewed in the absence of duly noted exceptions should be limited strictly within the principle that the trial court is duty bound, on its own motion, to give "a substantially correct and proper instruction, as is applicable to the facts and issues joined" (Beams v. Young, supra).

And we say that the "facts and issues" as here used mean only those issues pertaining to the establishment of the cause of action or defense. Such issues do not include the mere measure of damages to be applied in determining the amount of recovery on the cause of action. The measure of damages does not constitute a fundamental issue in the prosecution of a cause of action, and an erroneous instruction thereon does not amount to fundamental error within the meaning of the rule stated in Mason v. McNeal, above.

The mandatory provisions of said section 578 serve a valuable purpose in the trial and review of litigation. If litigants feel aggrieved at instructions of the trial court, they must comply with the statute if they expect this court to take notice of their objections. Otherwise, they are deemed to have waived the same, except as to those fundamental errors appearing on the face of the instructions as aforesaid.

In the instant case defendant submitted a requested instruction limiting recovery to the pecuniary loss, and specifically advising the jury that the loss of the comfort and society of the deceased should not be considered. The court refused the instruction and purportedly gave it in modified form. Exceptions were duly saved to such refusal. But, subsequently, defendant permitted the court to give the instruction wherein the jury was definitely advised that the loss of society, etc., might be considered. No exceptions thereto were saved. This constituted a waiver of the error notwithstanding the requested instruction may have been correct.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.