RENEGAR v. BOGIE et al.

No. 32586.   Nov. 3, 1947.

Rehearing Denied Nov. 25, 1947.

*186 P. 2d 820.*

E. F. Maley, of Okmulgee, for plaintiff in error.

John M. Milner and D. F. Rainey, both of Okmulgee, for defendants in error.

WELCH, J. This action was instituted by C. Z. Renegar against Ida M. Bogie and W. S. Bogie to recover damages. Plaintiff's petition charged that defendants as owners and operators of an oil and gas lease upon his land permitted refuse oil and basic sediment to escape damaging property and livestock of plaintiff. Defendants by answer denied that plaintiff suffered damage, and averred that loss, if any suffered by plaintiff, resulted from an Act of God, and further that plaintiff was guilty of contributory negligence.

It was shown by the evidence that plaintiff was the owner, lessor and resident of lands upon which defendants as lessees were producing oil. That plaintiff was employed as a pumper of said lease. Certain oil storage tanks were located on the lease, and adjacent thereto was a slush pit into which refuse oil and basic sediment from the tanks were drained. The land was situated near Deep Fork river. On April 25, 1945, there was an unprecedented flood, the river water rose to a greater height than had ever been known before, and the flood water covered all the leased premises. The substance in the slush pit floated out of the pit and over the premises. Plaintiff's livestock was on the farm and in the flood waters, and his shrubbery, orchard, etc., were touched by the flood-waters upon which floated substance from the pit. The water started receding after about three days. The livestock was kept on the premises all during the flood. The pasture in which the livestock was kept and where the tanks were located was approximately the highest ground on the premises. Plaintiff dug the pit as an employee of defendants. There was no evidence that the pit was not properly constructed.

The jury returned a verdict for the defendants and judgment was entered accordingly. Plaintiff appeals.

All assignments of error are presented under four propositions:

Under his first proposition plaintiff contends the trial court committed reversible error in its instructions to the jury, with particular reference to instructions Nos. 7, 8 and 14.

The instructions, in substance, advise the jury that if it is found that defendants were entitled under their oil and gas lease to maintain a slush pond on the property and that the pond was properly and prudently constructed and maintained, and that an unprecedented flood was the sole and only cause of oil and basic sediment escaping, and any damages suffered by plaintiff resulted therefrom, defendants would not be liable; that defendants were required to use ordinary care, skill and diligence, such as would ordinarily be used by a careful and prudent oil operator, in the construction and maintenance of their slush pond, and to guard against any disaster that might reasonably be anticipated; that defendants were not required to anticipate any irresistible disaster, the result of natural causes, such as unprecedented floods; that if it be found that the flood was an unprecedented one and one of such magnitude that a person of ordinary prudence would not anticipate a flood of such size, and but for the unprecedented size of the flood no loss would have resulted to plaintiff, that then in such event the loss of plaintiff has been caused by an Act of God and for such loss defendants would not be liable.

It is urged that the instructions given were in direct conflict with 52 O.S. 1941 §296, and in conflict with the holdings of this court in Leslie et al. v. Hammer et al., 194 Okla. 535, 153 P. 2d 101, and Walton v. Bryan, 188 Okla. 358, 109 P. 2d 489.

In the Hammer Case it was said:

"It was the duty of the defendants to keep their salt water confined on their premises and to guard against anything

short of what is sometimes described as an Act of God."

In both cases absolution from personal liability was noted when the sole cause of injury was an Act of God.

In 45 C. J. Negligence, 127, page 736, an Act of God is defined as follows:

"The term 'Act of God' is used to designate the cause of an injury to person or property where such injury is due directly and exclusively to natural causes without human intervention, and could not have been prevented by the exercise of reasonable care and foresight, and for an injury so caused no one is liable, provided the act of God is the proximate, and not merely a remote, cause. . . ."

This court in applying the rule has held that the Act of God must be the sole cause of injury. In Missouri, K. & T. Ry. Co. v. Johnson et al., 34 Okla. 582, 126 P. 567, it was said:

"An act of God, such as an unprecedented rain fall and resulting flood, which will excuse from liability must not only be the proximate cause of the loss, but it must be the sole cause. . ."

See, also, Purcell v. Stubblefield, 41 Okla. 562, 139 P. 290, and Walton v. Bryan, supra.

It was shown by the evidence that the flood completely covered the slush pond and all the surrounding territory in which plaintiff's injuries occurred. That when the flood receded the embankment surrounding the pit was in the same condition as before the flood except for sediment. That the pit was adequate to hold the refuse oil except for water arising above the surrounding embankment. There is no evidence that the slush pit was not properly constructed, and no inherent weakness or insufficiency of the structure was demonstrated by the flood unless it could be said that the embankment was of insufficient height. It was undisputed that the rise of the river was higher than had ever been known before. Such was the testimony of one witness who had observed the river for approximately 40 years.

It is apparent that defendants, in the exercise of reasonable care and foresight, would not have anticipated a flood of such magnitude so as to prevent any injuries arising therefrom. Under such circumstances we are of the opinion that it was not error to give a proper instruction presenting defendant's defense that the injuries complained of were caused solely by an Act of God.

As a third proposition plaintiff states:

"Permitting refuse oil to flow over the surface of the land is negligence per se and responsibility therefor rests on the operator of lease."

Hereunder plaintiff complains of instructions Nos. 15 and 18. These instructions in effect advised the jury that if it found that plaintiff was employed as a pumper and that it was one of his duties to keep the lease clean and free of waste oil, and if he neglected to perform his duties in this respect as a result of which he suffered damage, that he is not entitled to recover. That if plaintiff knew of the impending danger to his livestock, but voluntarily left his livestock in low lands and did not exercise ordinary care in protecting or removing the livestock from the flood, that the verdict should be for defendant.

It is asserted that these instructions have no place in the lawsuit and are prejudicial to plaintiff and contrary to the statute which enjoins the duty of an oil operator to not permit refuse oil to flow over the surface of the land.

There was some evidence that plaintiff as pumper had full charge of the operations on the lease; that he drained off the basic sediment from the wells and tanks and that if there was any waste oil left unconfined on the premises, plaintiff left it there. There were facts and circumstances shown from which a conclusion might be drawn that plaintiff did not act with prudence in protecting his livestock in and from the apparent danger.

These instructions were responsive to defendant's plea of contributory negligence and there appears to be some evidence to support the plea.

In instruction No. 20, given by the court, 52 O.S. 1941 §296 was quoted and the jury advised that a violation of the statute constituted negligence.

In proposition 2 it is asserted that the trial court erred in refusing to give plaintiff's requested instructions numbered A, B and C.

In proposition 4, plaintiff reiterates the argument that the instructions given erroneously stated the law and prevented plaintiff from having a fair trial.

The requested instructions were to the effect that if it be found that excessive rains caused the lands of plaintiff to overflow and because of such overflow defendants' refuse pond overflowed, this fact would not relieve the defendants from liability for any damage caused by refuse oil escaping from the refuse pond; that it was the duty of defendants to keep waste oil ·from escaping and to guard against escape by reason of high waters; that a violation of the statute requiring oil producers to prevent waste oil from flowing over the surface of the land is negligence per se, and no other negligence need be proven in an action for damages by violation of the statute.

Instruction No. 20 given by the court, in effect, defined what constituted a violation of the statute as applicable to the facts in this case and stated that any such violation constituted negligence. Instruction No. 11 declared a liability for injuries caused by waste oil negligently permitted to escape. These instructions when viewed with instructions 7, 8 and 14, and with the instructions as a whole, substantially stated plaintiff's theory of the case. Under the statute it was necessary to show that the waste oil was permitted to escape.

It was undisputed that the flood waters rose to a greater height than was ever known before. There was some evidence to the effect that the injuries suffered by plaintiff resulted solely from flood waters and not from waste oil therein; that the contents of the slush pond was not poisonous and of little, if any, harmful effect upon plaintiff's property. We are of the opinion from a review of the evidence that the verdict would not have been different if the alleged errors had not occurred, and that the judgment should not be disturbed. 22 O.S. 1941 §1068. As was said in Prudential Insurance Co. v. Foster, 197 Okla. 39, 168 P. 2d 295:

"Instructions of the trial court must be viewed in the light of the evidence upon which they operate and of the instructions as a whole. When thus considered, if it does not appear probable that the rights of the complaining party were prejudiced by alleged errors in the instructions, a verdict against said party will not be set aside on account thereof."

The judgment is affirmed.

HURST, C.J., DAVISON V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and LUTTRELL, JJ., concur.

Rehearing Denied Nov. 25, 1947.