STATE ex rel. DEPARTMENT OF HIGHWAYS v. RUMSEY et al.

No. 34513.   Nov. 6, 1951.

*237 P. 2d 448.*

R. L. Vaughan, Oklahoma City, for plaintiff in error.

Crouch, Rhodes & Crowe and Philip N. Landa, Tulsa, and Payne H. Ratner, Wichita, Kan., for defendants in error Rumsey Brothers Pipe Line Construction Company and Albert Bartell.

Hudson, Hudson & Wheaton, Tulsa, for defendant in error Smith Contracting Corporation.

GIBSON, J. This is an action for damages. The parties appear here in the same order as in the trial court.

In its amended petition plaintiff charges that a truck, owned by defendant Rumsey Brothers Pipe Line Company, a copartnership, and driven by its employee, Albert Bartell, and engaged in hauling certain equipment leased to Smith Contracting Corporation, was carelessly and negligently driven in such a manner that it collided with the supporting truss of a bridge on a state highway causing the collapse of a span 100 feet in length, all to plaintiff's damage.

The defendants Rumsey Brothers Pipe Line Company and Albert Bartell, by separate answer, pleaded a general denial and contributory negligence in the maintenance and operation of the bridge by the plaintiff. Smith Contracting Corporation filed a similar answer and, under oath, specifically denied that the driver of the truck was its agent, servant or employee.

At the time of the accident the State Department of Highways was in charge of and maintaining a bridge, 711 feet long and 16 feet wide, on State Highway No. U.S. 60, crossing the Arkansas river east of Ponca City. The bridge had been erected in 1909 and was a part of the state system of highways. About 8:30 p.m., on November 23, 1948, and during a light rain, the semi-trailer truck involved approached the bridge from the east. An automobile was on the bridge coming from the opposite direction. Truck and automobile reached the east end of the bridge at about the same time. The automobile cleared the bridge and the truck was driven thereon. There was no collision between the vehicles.

The driver of the truck testified that he cleared the end of the bridge and that when he was about 20 feet on the bridge some object struck the right side of the truck and pulled it into the banister. He realized that the bridge was falling. The truck "jack-knifed". The bridge fell at the opposite end of the span.

The evidence of plaintiff as to the cause of the collapse of the bridge was largely circumstantial and consisted in the main of the opinion of its engineers, based on physical facts revealed by inspection of the bridge and truck following the accident. Their theories of the accident were that in going onto the bridge the truck struck a hand rail and batter post, causing the truck to jack-knife into a supporting truss, knocking the distant end of the span loose from the pier. Employees of the Department testified as to the cost and expense incurred by the state in restoration of the bridge.

Two verdicts were returned by the jury. One, finding for the defendant Smith Contracting Corporation, was directed by the trial court. The second was a general verdict, on the merits, in favor of defendant Rumsey Brothers Pipe Line Construction Company and Albert Bartell, the truck driver.

The petition in error sets forth ten assignments of error. In its brief plaintiff submits its argument on five points of law, two of these being alleged error in the giving of certain instructions.

Objecting to the trial court's action in directing a verdict for the defendant corporation, plaintiff says that the owner and lessee of the truck, under control of the owner but operated for the purposes of the lessee, are jointly and severally liable for damage to the highways and bridges under 47 O. S. 1941 §99. That section provides that the owner, driver, operator or mover of any vehicle over a public highway shall be responsible for all damages which said highway may sustain as a result of a violation of any statute regulating the usage of public highways, and bridges are specifically included. Plaintiff says that under the terms of the lease of certain equipment the defend-

ant Smith Contracting Company was an operator of the truck. The single case cited, Pray v. Meier, 69 Ohio App. 441, 40 N. E. 2d 850, is not in point. That case held the owner of a vehicle liable for damages occasioned by the negligence of a servant while engaged in the owner's business. The case would be authority for holding defendant Rumsey Brothers for the acts of Bartell, the driver, but no issue on that question is before us.

We see nothing in the lease in question to enable one to say that the lessee was the operator of the truck at the time of the accident. The owner and its driver were sued. The owner was using the truck to deliver certain equipment which the lease required him to deliver on or before December 15, 1948. The accident occurred prior to that date. The Smith Corporation at no time exercised any supervision or control over the truck driver. Direction of the manner of doing the work and the power to discharge the driver were with Rumsey Brothers. The trial court properly sustained the motion for a directed verdict as to the corporation. Manahan Drilling Co. v. Howard, 181 Okla. 124, 72 P. 2d 802.

Plaintiff next contends that damages include the cost of constructing and maintaining a temporary pontoon bridge used during the repair of the damaged bridge, and further contends that in such a suit for damages the state is entitled to recover an additional 10 per cent of the cost to cover general engineering and overhead expense which cannot be itemized. The trial court refused to submit these items to the jury.

Plaintiff cites a short quotation from State Highway Commission v. Stadler, 158 Kan. 289, 148 P. 2d 296. In that case it was held that, under the Kansas statute, the proper measure of damages to bridges "is the actual cost of replacement of such highway and structure in the condition it was in at the time the injury occurred." That is the measure of damages applied by the trial court in this case. The two items rejected by the court were not items of actual cost of repairing the damaged bridge, and the trial court properly withheld them from the jury.

In the Stadler opinion the Kansas court quotes at length from its opinion in State Highway Comm. v. American Mutual Liability Ins. Co., 146 Kan. 187, 70 P. 2d 20, wherein recovery was denied for the cost of maintaining a detour during the repair of a damaged bridge. The pontoon bridge was so used in the case at bar. The Kansas court said:

" . . . But the statute only allows a recovery for the damage to the bridge itself—'damage so caused to any such structures may be recovered' is the language of the statute. Nothing under this statute is recoverable as consequential damages."

The Oklahoma statute allows recovery "for all damages which said highway may sustain." 47 O. S. 1941 §99.

Under a similar statute the Arkansas court has held that the measure of damages is the actual damage to the bridge. Arkansas State Highway Commission v. Mode, 203 Ark. 179, 157 S. W. 2d 53.

The same rule holds in Texas. Shell Oil Co., Inc., v. Jackson County, 193 S. W. 2d 268.

The last-cited case is also authority that plaintiff was not entitled to recover the cost of the temporary pontoon bridge.

The difficulty confronting plaintiff in its argument on these two items is that these items of consequential damages have been foreclosed by the general verdict of the jury, which denied plaintiff any recovery of damages. These contentions both apply to the measure of damages, but where the jury has denied plaintiff any damages the question of the measure of damages in the case becomes unimportant.

"The objection to instructions Nos. 6 and 6½ need not be seriously con-

sidered. They go to the question of defendant's damages in the event he prevails in the suit and a return of the property is adjudged. But he did not prevail. The jury found all the material questions involved against him, and he was therefore awarded no damages, was entitled to none, and the question of the measure of damages in this case is unimportant." Wertz v. Barnard, 32 Okla. 426, 122 P. 649.

See, also, McKelvy v. Choctaw Cotton Oil Co., 72 Okla. 74, 178 P. 882; Equels, Admx., v. Tulsa City Lines, Inc., 194 Okla. 79, 147 P. 2d 460; Schofield v. City of Tulsa, 111 Okla. 220, 239 P. 236.

Plaintiff next argues that the court erred in giving the following instruction:

"You are instructed that the mere fact that a vehicle is driven into or against an object raises no presumption that the speed of the vehicle was excessive within the meaning of the laws of this state."

Plaintiff says that the statute violated by defendants was 47 O. S. 1941 §92, which was in effect at the time of the accident but later repealed. That statute was under consideration by this court in National Tank Co. v. Scott, 191 Okla. 613, 130 P. 2d 316, wherein we said:

" . . . We may say here, however, that in cases of this character the mere fact that an automobile is driven into or against a person or other object in its path does not raise a presumption that the speed was excessive within the meaning of the statute, supra."

The questioned instruction was proper. Under the conflicting evidence of this case it was for the jury to say, first, whether or not the defendant driver drove the truck against the bridge, and if so, the jury was to say whether such act was the proximate cause of the collapse of the bridge or whether or not the speed of the truck was the proximate cause thereof. The speed of the truck was one of the issues injected into the case by plaintiff. The mere fact of collision between truck and bridge did not raise a presumption that the truck was driven at a speed in violation of a statute.

The trial court gave the following instruction:

"You are instructed that it was the duty of the plaintiff, the Department of Highways of the State of Oklahoma, to maintain the Ponca City bridge on highway number 60 for the use of ordinary traffic on said highway and to keep said bridge repaired for such traffic.

"If you find and believe by a preponderance of the evidence that the Department of Highways of the State of Oklahoma failed to keep said bridge in proper repair and that such failure or negligence of the Department of Highways to properly maintain said bridge was the proximate cause or contributed to the proximate cause of the damages complained of, then and in that event you should find for the defendants."

Plaintiff assigns as error only the first paragraph, and objects to the use of the words "ordinary traffic", and says that since plaintiff admitted that the bridge was too narrow to properly serve ordinary traffic, this instruction left the jury free to decide that because the bridge was narrow the defendant was relieved of responsibility, regardless of his own negligent or unlawful acts. We do not agree with this contention. It would appear to us that if the plaintiff owed any duty to the public in the maintenance of a bridge, it owed the duty of maintaining the same for the use of ordinary traffic.

Plaintiff has briefed its objections to one instruction and part of another. We have examined the instructions in their entirety, and when so considered they properly covered the issues of the case. The instruction given as to the alleged speed and negligence in the operation of the truck by defendant was favorable to plaintiff and no exception was taken thereto.

"Instructions are to be considered in their entirety; no particular paragraph is to be singled out; neither a part

nor paragraph will be given consideration to the exclusion of other parts or paragraphs." All American Bus Lines v. Saxon, 197 Okla. 395, 172 P. 2d 424.

The trial court so instructed the jury.

"Instructions of the trial court must be viewed in the light of the evidence upon which they operate and of the instructions as a whole. When thus considered, if it does not appear probable that the rights of the complaining party were prejudiced by alleged errors in the instructions, a verdict against said party will not be set aside on account thereof." Renegar v. Bogie, 199 Okla. 427, 186 P. 2d 820.

We have examined this lengthy record and hold that there is no error in the instructions given and there is evidence to sustain the verdict of the jury.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'-NEAL, and BINGAMAN, JJ., concur.