KRAFT FOODS CO. v. CHADWELL.

No. 35210.　Nov. 5, 1952.

*249 P. 2d 1002.*

Hudson, Hudson & Wheaton, Tulsa, for plaintiff in error.

Wesley E. Disney, Joe B. Houston, Gerald Klein, James P. Melone, and Wesley V. Disney, Tulsa, for defendant in error.

BINGAMAN, J.　This is an action for damages resulting from an automobile collision brought by plaintiff, Cletus Chadwell, against defendant, Kraft Foods Company, a corporation.　At the conclusion of the evidence the trial court directed a verdict for plaintiff, and defendant appeals.

From the record it appears that plaintiff being the owner of an automobile loaned or permitted the same to be loaned to one Loy Worth; that while the car was in the possession of Worth on Highway 33, near Tulsa, it was struck from behind by a truck belonging to defendant and considerably damaged. Plaintiff's action was brought upon the theory that defendant was negligent in that its driver was driving at a rate of speed which was too great, considering the condition of the highway at the time of the accident, to permit the driver to bring it to a stop within the assured clear distance ahead as required by our statute.　Defendant, in its answer, denied negligence and alleged contributory negligence in that plaintiff's car at the time it was struck had been brought to a stop in the regular traffic lane on the highway, and that the driver, Worth, did not have a driver's license.　All parties testified that at the time of the accident the highway was covered with sleet and ice and was very slippery.

Worth testified that at the time he was struck by defendant's truck he was driving in an easterly direction on Highway 33, just a short distance from Tulsa, proceeding at a rate of some fifteen miles per hour, and that the lights on the car were burning.　Defendant produced two of its truck drivers, one of whom was driving a truck a short distance ahead of the one which struck plaintiff's car, and the other being the driver of the truck which struck plaintiff's car, both of whom testified that at the time they saw plaintiff's car it was parked without lights in the regular traffic lane on the highway. The driver of the truck involved in the collision testified that he was driving some 20 or 25 miles per hour, and that he was temporarily blinded by lights of the car coming towards him; that after the car passed he was so close to the parked car of plaintiff that he could not avoid the collision.　Defendant further produced the testimony of a highway patrolman who testified that his investigation of the accident showed

that it occurred in the regular traffic lane on the highway, and that he gave Worth tickets for not having a driver's license and for improper parking. Worth admitted that he pleaded guilty to both these charges in a Tulsa court, although he told the court that he was not parked at the time of the collision, but pleaded guilty rather than to employ a lawyer and defend himself against the charge.

Defendant contends that the trial court erred in sustaining plaintiff's motion for a directed verdict and in refusing to submit to a jury the question of whether the proximate cause of the collision was the negligence of Worth in parking his car improperly without lights in the traffic lane on the highway, or was caused by the negligence of its driver. The trial court apparently took the position that the evidence established a violation by defendant's driver of 47 O.S. 1951 §121.3, which provides that no person shall drive a vehicle upon the highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, and that the driver having admitted striking the car the evidence conclusively established that the collision was due to his fault. We are unable to agree with this contention.

In Taylor v. Ray, 177 Okla. 18, 56 P. 2d 376, a similar contention was made. In that case the plaintiff drove his car into the rear end of a truck belonging to defendant which was left near the center of the paved highway, with no lights burning. The defendant contended that plaintiff was negligent as a matter of law in that he failed to so drive that he could stop within the assured clear distance ahead and that the trial court erred in submitting the question to a jury. In that case, after outlining the contention of defendant, we said:

"The first objection to the proposed rule is that it permits the court to decide, instead of the jury, whether the average driver under ordinary circumstances, using ordinary care, so conducts himself as to satisfy the proposed rule. This in itself is a debatable question of fact. Does that hypothetical person, by whom we measure ordinary care, drive his car in such manner as to harmonize merely with moving traffic, which is what may normally be expected upon the highway, or does he so drive it as to be able to stop instantly upon meeting unexpected and unwarned obstructions? The question is not what should the driver do, but what does the driver do, the average driver using ordinary care? That is the yardstick, the criterion, by which we determine whether the driver in the particular case was negligent, and until we determine the first we cannot determine the second. It is obvious that such decision is purely one of fact and not of law.":

We further said that, under the strict interpretation of the law contended for by defendant, the highway could be used by a party for any improper or unlawful purpose, and that such party would go free from damages because the injured party must be charged with knowledge that others would use the highway illegally. We said that the Legislature intended no such result and that the term "assured clear distance ahead" should be given a reasonable meaning and contemplated a lawful use of the highway, not only by the driver sought to be charged, but also by those who sought to charge him, and that what was a clear distance ahead was in every case a question of fact. This case was cited with approval in National Tank Co. v. Scott, 191 Okla. 613, 130 P. 2d 316, and in Atchison, T. & S. F. Ry. Co. v. Templar, 204 Okla. 460, 230 P. 2d 907, and has become a settled rule of law in this state.

In the instant case defendant pleaded contributory negligence, but at the conclusion of the evidence, by permission of the trial court, withdrew that allegation and amended its answer to charge that the collision was due solely to the primary negligence of Worth, in that he violated 47 O.S. 1951 §131, by parking his car on the highway without a rear light burning. In such

case the question of whether the proximate cause of the collision was the negligence of Worth or the negligence of defendant's driver was a question of fact for the jury to determine. Griffin Grocery Co. v. Scroggins, 145 Okla. 9, 293 P. 235. If they believed the testimony of defendant's witnesses a verdict for the defendant would have been sustained by such evidence, since while plaintiff would not be liable for the acts of Worth while using the borrowed car on his own business, he certainly could not collect damages from defendant for an injury to his car which the jury found was due to the negligence of Worth.

Plaintiff also asserts that the evidence does not establish that plaintiff's car was not parked at least three feet to the right of the center of the highway as required by statute. Worth testified that he was driving in the proper traffic lane at the time of the accident and both the truck drivers and the highway patrolman testified that at the time of the collision plaintiff's car was in the traffic lane. This negatives the parking of the car as required by statute.

Reversed, with directions to grant defendant a new trial.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur.