Gertrude Eugene **HATHAWAY**, Administratrix of the Estate of John Thomas Lambert, Deceased, Plaintiff,

v.

**William Lewis BEATLEY, Defendant.**

**Civ. A. No. 6174.**

United States District Court,
W. D. Oklahoma.

Feb. 2, 1955.

Paul W. Updegraff, Norman, Okl., for plaintiff.

Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendant.

VAUGHT, Chief Judge.

This cause is heard on the motion of the defendant to dismiss. The record discloses the following facts.

John Thomas Lambert was born on May 19, 1935 to John Pruitt Lambert and Gertrude Eugene Lambert. Subsequently the Lamberts separated and a divorce was granted to John Lambert, the final decree by the court in Bay County, Florida, dated December 2, 1943, awarded the "care, custody and control of John Thomas Lambert," to the plaintiff therein, John Pruitt Lambert, (hereinafter referred to as Lambert.) For a time John Thomas Lambert (hereinafter referred to as the deceased), resided with Lambert's mother but was supported by him. After his remarriage in 1947 Lambert maintained a home in Georgia where the deceased lived until he entered the navy at the age of eighteen. In 1948 Gertrude Eugene Lambert married one Harvey Hathaway and since that time has been supported by her husband and has lived in Columbus, Ohio.

After entering the navy the deceased took out an insurance policy payable to his father, John Pruitt Lambert. On September 19, 1953, the deceased was injured when struck by an automobile driven by William Lewis Beatley, defendant herein, and died from such

injuries on September 22, 1953. The accident occurred on the military reservation of the United States Naval Air Technical Training Center at Norman, Oklahoma.

On February 17, 1954, in Cause No. 492766 in the Probate Court of Cuyahoga County, Ohio, Gertrude Eugene Hathaway (hereinafter referred to as plaintiff), was appointed administratrix of the estate of the deceased. On February 19, 1954 the complaint was filed in this cause by the plaintiff as administratrix of the estate of the deceased, seeking to recover damages on two causes of action: $50,000 pecuniary damages under the first cause, alleging she was dependent upon the deceased for her support, and $15,000 as punitive or exemplary damages under the second cause of action. On March 16, 1954 the defendant filed a motion to dismiss upon three grounds: first, that the court was without jurisdiction; second, that the first cause of action did not state facts sufficient upon which to base a cause of action; and, third, that the second cause of action should be dismissed for the reason that punitive damages could not be recovered in such an action. The motion was sustained upon the proposition that diversity of citizenship had not been properly alleged.

Plaintiff filed an amended complaint on July 1, 1954 upon the same causes of action properly alleging diversity of citizenship. On July 7, 1954 defendant filed a motion to dismiss upon the same grounds as his previous motion with the additional ground that the plaintiff had no legal capacity to sue, attaching a certified copy of the application for letters of administration filed by the plaintiff in the probate Cause No. 492766, supra. On September 29, 1954, plaintiff amended the amended complaint, attaching a copy of the letters of administration issued to her in Cleveland County, Oklahoma, on August 27, 1954, showing her qualification on August 30, 1954. On October 25, 1954 defendant filed his amended motion to dismiss setting up as grounds therefor: (a) the court has no jurisdiction; (b) plaintiff has no legal capacity to maintain the action; (bb) the right of action has been settled by the duly appointed and qualified administrator of the estate of the deceased and release obtained by official approval of the court; (c) the first cause of action does not state sufficient facts to establish a cause of action in favor of the plaintiff; and (d) the second cause of action does not state sufficient facts to constitute a cause of action for exemplary or punitive damages. In support of the motion, a number of exhibits are attached: 1. Deposition of plaintiff taken in Cleveland, Ohio, on May 17, 1954; 2. Affidavit of Lambert dated July 26, 1954; 3. Affidavit of Lambert dated August 31, 1954; 4. Certified copy of letters of administration issued to Lambert in the estate of the deceased, in Muscogee County, Georgia, under date of *August 2, 1954;* 5. Transcript of proceedings before the county judge of Cleveland County, Oklahoma, on August 27, 1954; 6. Order issued by probate court of Cuyahoga County, Cleveland, Ohio, dated *August 30, 1954,* vacating letters of administration issued to plaintiff on February 17, 1954; 7. Certificate of court clerk of Cleveland County, Oklahoma, disclosing that on September 4, 1954 an appeal was perfected to the district court of Cleveland County, Oklahoma, from the order made by the probate court of Cleveland County, Oklahoma, appointing the plaintiff as administratrix of the estate of the deceased, which is pending therein; 8. Certified copy of petition of Lambert as administrator of the estate of the deceased, in Muscogee County, Georgia, for authority to compromise the right of action as against Beatley and a certified copy of the order authorizing such settlement and release.

The parties have filed numerous briefs which have had careful consideration.

On July 13, 1954, in Crossett v. Andrews, Okl., 277 P.2d 117, the Supreme Court of Oklahoma held that punitive

or exemplary damages may not be allowed in cases of this character. The plaintiff has agreed that the motion to dismiss the second cause of action should be sustained.

Under the record it is clear that at the commencement of the suit the plaintiff was without capacity to sue and the court was therefore without jurisdiction. Under the plaintiff's amendment to her amended complaint setting up her appointment as administratrix in Cleveland County, Oklahoma, and the showing that such appointment has been appealed to the district court of said county, a question arises both as to the validity of the appointment and as to whether one can amend himself into the jurisdiction of the court, even in view of the authorities submitted.

■ But assuming the court has jurisdiction, the motion to dismiss the first cause of action raises the further question as to whether the plaintiff has stated facts sufficient to recover under her first cause of action, in view of the record and the law of the state of Oklahoma. Plaintiff's recovery would be limited to the loss of services of the deceased and the damage is limited to such as will compensate her for the loss of the deceased's services to the time of his majority. According to the deposition of the plaintiff, she is married, has no other children, and her husband is employed. She has not worked aside from her household duties since her marriage to Hathaway in 1948 and depends upon him for support. Therefore, according to her own deposition, plaintiff was not dependent upon the deceased.

In Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790, the court held, quoting from the syllabus:

"In an action by a parent for the loss of the services of a minor child, the damage to the parent is limited to such as will compensate

him for the loss of the child's services to the time of his majority, the reasonable amounts necessarily expended in the treatment and care of the child, and the value of the parent's services while nursing the child, and the jury may consider that with age, growth, and experience the value of the child's services would increase, although they cannot consider that the child might, if not injured, engage in any particular calling."

And again, in National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316, 317, the court held in the syllabus:

"In an action brought under 12 O.S.1941 § 1053, for wrongful death of a spouse, parent, or child, the plaintiff is limited in damages to pecuniary loss sustained by the wrongful death."

■ Giving full faith and credit to the transcript of the proceedings in Muscogee County, Georgia, in the estate of John Thomas Lambert, deceased, it appears on the face of the record that on August 2, 1954, John Pruitt Lambert was duly appointed and qualified as administrator of the estate of the deceased. That on September 29, 1954, when the amendment to the amended complaint was filed by plaintiff alleging her appointment as administratrix on August 27, 1954 in Cleveland County, Oklahoma, said Lambert was the duly authorized and qualified administrator of said estate for the reason that the prior letters issued to plaintiff on February 17, 1954 and set up as an exhibit to her original complaint, had been held to be void and set aside on August 30, 1954 in the probate court in Ohio. Thus the letters issued to Lambert on August 2, 1954, were in full force and effect as of that date.

The motion to dismiss should be and is hereby sustained. An exception is allowed the plaintiff.