Jesse GREEN, Plaintiff in Error,

v.

Lester THOMPSON, Defendant in Error.

No. 38307.

Supreme Court of Oklahoma.

Sept. 15, 1959.

Alpheus Varner, Poteau, Dobbs, Pryor & Dobbs, Fort Smith, Ark., for plaintiff in error.

E. E. Thompson, Poteau, for defendant in error.

WILLIAMS, Vice Chief Justice.

Plaintiff's cause of action was based upon defendant's alleged negligence. Defendant alleged plaintiff was guilty of negligence by permitting his mare to get loose on the highway, which caused or contributed to causation of the accident. The parties are here referred to as in the trial court.

About 6:30 p. m., on a day in June, 1957, the plaintiff brought his registered Hancock bay mare quarter horse out of his horse-lot and tied her with a piece of lariat rope behind his pick-up truck, and left her while he went inside his home to change his clothing, preparatory to hauling the horse to a nearby rodeo. The mare broke away and ran down the road

to a place near a filling station where he or some boys caught hold of her rope. She broke away again and escaped into the darkness. Very soon thereafter the plaintiff heard a crash about a quarter of a mile down the road. The defendant's automobile had collided with plaintiff's animal.

The locale of this accident is "stock country".

The witness Brehm had driven along the highway in a northerly direction and had to honk at the animal to get her to leave the roadway. This witness stepped upon his brake pedal four or five times, hoping that the flashing off and on of his brake-lights would notify other drivers using the highway that some condition required them to be careful. According to the testimony, another driver, Bryan, not a witness, followed the witness Brehm.

The testimony of the defendant was that the driver Bryan went on north past the place where the horse was and that the horse jumped out of the bar-ditch and the darkness to the side of the road and directly in front of and upon the front of his automobile, damaging the right front fender and coming through the wind-shield thereof.

There was no direct testimony but only circumstantial evidence that tended in any way to establish negligence upon the part of the defendant. Rather, his testimony, as above shown, tended to demonstrate that he had no opportunity to know that the horse was going to be in the pathway of his automobile. All the testimony was that he was driving at a speed of only some 40 to 45 miles per hour.

The assistant county attorney was in an automobile directly behind that of the defendant. His testimony was that he could not see a horse ahead of the defendant's car.

The highway patrolman who investigated the accident qualified as an expert witness. He testified that he did not see the accident but that he determined in his mind from skid marks and the appearance and location of the car and the horse and other physical facts how the accident had happened. He described the occurrence as follows:

"A: Well, this is my opinion of what happened out there. The car was traveling north and not going very fast—and there is a bar-ditch on the east side of the road, looked like the horse had jumped out in the road right in the path of the car, and the boy didn't have time to stop and avoid the accident, and that is all that happened. That is just the way it was."

█ Defendant contends that his rights were prejudiced in the trial court by plaintiff's attorney inquiring of prospective jurors on voir dire whether they had any stock in any insurance company that carried public liability insurance or words to that effect, to the extent that the jury returned a verdict in favor of plaintiff which it would not have done had its members not been so prejudiced.

Counsel for defendant argues that plaintiff's attorney admitted under oath in the chambers of the trial judge during the trial that he was partly motivated in inquiry on voir dire concerning insurance by hope of prejudicing the jury in plaintiff's favor. The record of the trial does not reveal such admission. Defendant's counsel further argues that closing argument of counsel for the plaintiff at the trial improperly indicated that defendant was financially able to employ more than one attorney including a "Fort Smith Lawyer", (indicating to the jury an insurance company was defending). The record does not contain the closing arguments. However, the record does show that counsel for plaintiff in the trial court did make unwarranted references to liability insurance. Inasmuch as the conduct of counsel on the occasion of a new trial will probably be proper in all respects, we find it unnecessary to say more about this than to quote from the case of Coon v. Manley, 196 S.W. 606,

decided by the court of Civil Appeals of Texas wherein that court said, as quoted from in Yoast v. Sims, 122 Okl. 200, 253 P. 504:

"Where the question of defendant automobile driver's negligence and plaintiff's contributory negligence were close, the conduct of plaintiff's counsel in examining witnesses and during argument to the jury is pointedly intimating that an insurance company was defending the case held reversible error, though the court charged that such intimations should be disregarded."

Plaintiff's pleadings and argument were to the effect that defendant should have been able to stop his automobile within the assured clear distance ahead and that running over his mare was negligent in that defendant did not stop in the assured clear distance ahead. See 47 O.S.1957 Supp. § 121.3. Whether an automobile was being operated at such an excessive rate of speed as to constitute primary negligence is for the jury to determine from all the facts. Townsend v. Cotten, 180 Okl. 128, 68 P.2d 790. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316. The mere fact that an automobile has been driven into or against a person or other object in its path does not raise a presumption that the speed was excessive, Taylor v. Ray, 177 Okl. 18, 56 P.2d 376; National Tank Co. v. Scott, supra, or a presumption that a driver colliding at night with an unlighted automobile (or other object) parked in his lane of traffic is guilty of negligence, regardless of the facts. Kraft Foods Co. v. Chadwell, 207 Okl. 379, 249 P.2d 1002.

Inasmuch as the plaintiff was required, in the trial below, to rely in great part upon circumstantial evidence it is apparent that any prejudice against the defendant of which plaintiff availed himself would be definitely to the plaintiff's advantage, and to the disadvantage of defendant. In the case of Harris v. Elliott, 178 Okl. 98, 61 P.2d 1089, 1090, the court stated:

"* * * (I)mproper reference by plaintiff or counsel to such insurance is presumed an unwarranted appeal to the prejudice of the jury, and in such case timely motion for a mistrial should be sustained by the court."

Defendant timely moved for a mistrial, denial of that motion by the trial court was reversible error.

Reversed and remanded for a new trial.

HALLEY, BLACKBIRD, JACKSON and BERRY, JJ., concur.

DAVISON, C. J., specially concurs.

JOHNSON, J., concurs in result.

WELCH and IRWIN, JJ., concur in conclusion.

DAVISON, Chief Justice (concurring specially).

I specially concur in the decision of the court. It is my opinion that the evidence does not reflect any negligence on the part of the defendant. The collision with the horse took place at night by the animal running in front of the defendant's car. The fact that a preceding car flashed its directional and stop lights, even if seen by the defendant, was not notice that there was a loose horse in the vicinity.

The horse was struck on the highway after dark and these facts alone do not raise a presumption of contributory negligence. Taylor v. Ray, 177 Okl. 18, 56 P.2d 376. The mere fact that the automobile was driven into the horse does not raise a presumption that the speed was excessive. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316. The evidence disclosed that the speed of the car was not excessive. Motorists are not insurers and proof of injury sustained in a collision with an automobile raises no presumption of negligence. Wilson v. Roach, 101 Okl. 30, 222 P. 1000.

It is my opinion that the verdict and judgment was properly reversed. I am of

the opinion, however, that the opinion should direct the trial court to render judgment for the defendant because of lack of any negligence being shown on the part of the defendant. The demurrer to plaintiff's evidence should have been sustained.

I am authorized to state that Mr. Justice IRWIN concurs in the foregoing views.